[Civ. No. 4080.   First Appellate District, Division One.—April 5, 1922.]

EMPLOYERS' LIABILITY ASSURANCE CORPORA-TION, LIMITED, OF LONDON, ENGLAND (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCI-DENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—New and Further Disability—Evidence—Statute of Limitations.—Where an injured employee is required to resume his work too soon after the injury and as a result thereof, although he is assigned to lighter work at as good a wage as he had previously received, new complications in

57 Cal. App.—17

his physical condition set in, his nervous system is broken down, and he is finally compelled to quit work, a "new and further disability" is created, within the meaning of that phrase as used in section 11 (c) of the Workmen's Compensation Act, and a claim for compensation filed within six months of the date of such new disability is not barred.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission.  Award affirmed.

Redman & Alexander for Petitioners.

A. E. Graupner and Warren H. Pillsbury for Respondents.

KNIGHT, J., *pro tem.*—This is a proceeding to review and annul an award of $267.81 granted by the Industrial Accident Commission to J. F. Souza on account of injuries sustained by him while in the course of his employment. The issue presented is whether or not Souza's claim is barred by the period of limitation prescribed by the Workmen's Compensation Act, and the determination of that question depends upon whether or not the disability for which the claim is presented was a "new and further disability" within the meaning of that term as it is used in said act.

On September 10, 1920, Souza fell from a wagon and sustained a fractured skull.  Medical and hospital treatment were supplied by the insurance carrier, and on November 22, 1920, Souza returned to work for his former employer at apparently as good wages as he had previously received, but, on account of a still weakened condition, he was assigned to lighter work.  On November 26, 1920, a payment of compensation was made to Souza by the insurance carrier in the sum of $44.27.  About January 1, 1921, Souza complained to his employer that he was unable to continue the work and was thereupon, by the direction of the physician who had previously treated him, placed in the hospital for ten days.  He was incapacitated for work this second time on account of his injury until about the end of March, 1921.

[1]  On June 4, 1921, Souza filed this application for an award, which was granted, in the sum of $267.81, upon the ground, as respondent contends, that the original injury to Souza had caused "new and further disability."

Section 11 (c) of said Workmen's Compensation Act provides, among other things, that an injured employee "may institute proceedings for the collection of compensation within 245 weeks after the date of the injury upon the grounds that the original injury has caused new and further disability," but in said section it is further provided that "proceedings . . . must be commenced within six months from the date of the injury . . . or . . . six months from the date of the . . . last payment of . . . compensation." If, therefore, on January 1, 1921, at the time Souza was again compelled to quit his employment, he was suffering from a "new and further disability" resulting from the original injury, his claim was filed within six months of date of the new disability and consequently is not barred.

We are entirely satisfied, after examining the record before us, that Souza's case comes within the "new and further disability" clause above mentioned. When Souza was discharged from the hospital the first time he was released and required to resume his work too soon after the injury. He was subject to spells of dizziness. In this respect his physician testified: "As a matter of fact he never had done his full quota of work since he had been out of the hospital, from his first injury, and I will say in justice to the man, that I turned him loose too soon. I think I had him report back to work too soon. Mr. Whitmore is a good man to work for and I didn't want to put the insurance company to any more expense than possible and Mr. Whitmore has favored him or did favor him in his work, but Mr. Whitmore has told me since that he wasn't able to do his full quota of work." The evidence may be further fairly summarized as showing that after Souza was sent back to work this dizziness increased to such an extent that his nervous system was finally broken down and he virtually suffered a relapse. His physician further testified that, on January 1, 1921, the trouble with Souza was dizziness, and that "he was inclined to have an autointoxication, fill up with toxins, poisons"; that "his nervous system was pretty badly shot to pieces at that time, too," and that such a condition very often follows a fracture of the skull or concussion of the brain; that "you get these traumatic conditions and it shocks the nervous system, upsets the nervous system very much."

The petitioners contend that Souza's case merely shows a "continuing illness" from which it is argued that no "new and further disability" is shown. In this respect we think the petitioners are confusing the meaning of the word "illness" with the word "disability." The purpose of the Compensation Act is to give compensation for "disability" proximately caused by injury. Under the provisions of section 9 (b) of said act, compensation is not due for temporary disability after an employee returns to work at full wages and it follows that when Souza returned to work at full wages there was no "compensable disability." As a result of his efforts to work from November 22, 1920, to January 1, 1921, new complications in his physical condition set in, his nervous system was broken down, and he was finally compelled to quit work. These facts are apparent from the testimony of the physician as hereinabove quoted.

Under these circumstances, we are of the opinion that the situation here presented fully and fairly comes within the intent and meaning of the "new and further disability" clause of said Workmen's Compensation Act, and for that reason the award is affirmed.

Kerrigan, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 3, 1922.