[Civ. No. 5429. First Appellate District, Division One.—March 18, 1926.]

HUTCHINSON LUMBER COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN BOHAN, Respondents.

[1] WORKMEN'S COMPENSATION ACT—NEW AND FURTHER DISABILITY—STATUTE OF LIMITATIONS—SUBDIVISION c, SECTION 11 OF ACT.—Subdivision c of section 11 of the Workmen's Compensation Act, which confers upon the Industrial Accident Commission continuing jurisdiction for a period of 245 weeks to grant additional compensation for a new and further disability, contains no re-

1. See 27 Cal. Jur. 463, 464.

quirement that an application for compensation based upon that ground shall be filed within a period of six months after the nature of the disability is ascertainable.

[2] ID.—NEW AND FURTHER DISABILITY—FILING OF CLAIM—LACHES— EVIDENCE—CERTIORARI.—In this proceeding to annul an order of the Industrial Accident Commission awarding an injured employee further compensation on account of a new and further disability, the conclusion of the Industrial Accident Commission that the evidence did not present a proper case for the application of the doctrine of laches to the filing of said employee's claim for further compensation is sustained.

(1, 2) Workmen's Compensation Acts, C. J., p. 132, n. 76.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission granting further compensation to injured employee. Award affirmed.

The facts are stated in the opinion of the court.

H. C. Kelsey for Petitioners.

Warren H. Pillsbury for Respondents.

KNIGHT, J.—Petitioners hereby apply for a writ of review whereby they seek to have annulled an award made by the Industrial Accident Commission.

On October 28, 1923, respondent John Bohan, sixty-three years of age, sustained a severe injury to his knee while working for the Hutchinson Lumber Company near Oroville. The petitioners recognized the compensability of the injury by furnishing him with medical treatment and compensating him up to April, 1924. In December, 1924, Bohan ascertained for the first time that the injury, which the insurance company's doctor had previously indicated to him was only of a temporary nature, had developed into one of a permanent character, and on May 12, 1925, after said insurance company had refused to recognize the permanent nature of the disability or to compensate him therefor, filed an application with the respondent Commission for an adjustment of his claim. Petitioners filed no answer to the application, but at the hearing urged the objection that Bohan's claim was barred by lapse of time. This objection was not sustained, and the Commission held, properly we think, that

Bohan's injury, having changed from a temporary to a permanent disability, constituted a "new and further disability" within the meaning of subdivision c of section 11 of the Workmen's Compensation Act [Stats. 1917, p. 841], and therefore entitled him to further compensation. In support of its decision on this latter point the respondent Commission calls attention to the fact that recently the supreme court has denied petitions for writs of review in two cases having for their purpose the annulment of awards made in proceedings involving facts similar to those presented here, that is, where temporary disabilities had afterward become permanent. (*Imperial Ice & Development Co. et al.* v. *Industrial Acc. Com.*, 11 Cal. I. A. C. 131; *Otis Elevator Co.* v. *Industrial Acc. Com. and M. J. O'Connor*, 12 I. A. C. 242. See, also, *Anaheim Co-operative Orange Assn.* v. *Industrial Acc. Com.*, 70 Cal. App. 168 [233 Pac. 1116]; *Assurance Corp.* v. *Industrial Acc. Com.*, 57 Cal. App. 257 [207 Pac. 60].)

[1] The main contention made by petitioners is, however, that under section 11 of the Workmen's Compensation Act a claim based upon a new and further disability must be filed within a period of six months after the date on which the new and further disability is ascertainable, and that since it appears in the instant case that Bohan knew in July, 1924, that he "was no better" and could have ascertained then through medical advice the true character of the injury, his failure to file an application within six months thereafter bars his right to have his claim considered. To this contention the respondent Commission replies that subdivision c of section 11 of said act, which confers upon the Commission continuing jurisdiction for a period of 245 weeks to grant additional compensation for a new and further disability contains no requirement that an application for compensation based upon that ground shall be filed within a period of six months after the nature of the disability is ascertainable. The respondent Commission concedes that in a series of causes it has denied relief where the claim has not been filed within a period of six months after the claimant had become aware of the fact that a new and further disability had developed, but it is pointed out that the enforcement of such rule of limitation was not based upon express statutory enactment, but was grounded upon the doctrine of laches; and that in the present case

there is no evidence to establish any of the elements of such doctrine.

[2]   We are of the opinion that the position taken by the Commission must be sustained.   The statute specifies no such limitation of time for the filing of an application based upon a new and further disability; and as to the matter of laches, the facts revealed by the record, including those set forth in Bohan's application, are as follows: For a week or two following the happening of the accident Bohan was cared for by petitioners in a hospital in Oroville, and was then sent to San Francisco to the insurance company's doctor for further treatment, arriving there in November, 1923. He called first at the office of the respondent Commission, but was referred to the representative of the petitioner insurance company, who, after paying Bohan a certain amount of compensation and expenses, told him that he "should not go further to the Commission," that the insurance company "would take complete care of him and pay him everything that was coming to him." He was thereupon sent by said company to a hospital. On March 12, 1924, an operation was performed on his knee, the report of the surgeon showing that the quadriceps extensor to the right leg were sutured about one inch above its insertion at the patella, at which point it had been almost completely ruptured, and that there was only a small portion of the vastus externus which had not been ruptured, and it was through this small portion that the little motion the leg had was carried on.   Bohan continued to remain in the hospital until March 26, 1924, on which date he received his last medical and surgical treatment. At that time the doctor supplied him with an elastic bandage, telling him to wear it for two months, and that he "would be all right." He was then discharged, the doctor telling him further to write "how he was getting along." Bohan thereupon went to Sacramento to stay with friends until he was able to go to work.   About two weeks later, and on April 8, 1924, his compensation was discontinued, although at that time it was apparent that he would not be able to work for approximately two months.   Bohan continued to wear the elastic bandage as instructed for two months, but at the end of that period his knee "did not feel any better." The wound caused by the operation had not healed, and, as Bohan expressed it, when he "would walk

'up'' his knee would ''nearly fall out,'' and going downstairs he could ''hardly walk.'' In July his knee ''felt a little better,'' and although it had not healed, he accepted employment with another company, but after working a few hours was forced to quit. Thereupon Bohan wrote to the insurance company's physician as instructed, stating that he ''was not getting well'' and asking for additional compensation. He waited until December of that year for a, reply and receiving none returned to San Francisco. He called first upon the insurance company's doctor, and afterward visited the Commission, whereupon an examination of his knee was made under the direction of the assistant medical director of the Commission. It was then determined that the injury to his knee was permanent, and Bohan was so informed. In fact there had been no improvement in his condition since July, but the advice thus imparted to him by the medical department of the Commission in December was the first information he had received that his disability was permanent. In February, 1925, he was given a new rating by the medical department of the Commission, which the insurance company refused to recognize, and also refused to pay Bohan further compensation. On May 12, 1925, formal application for further compensation was filed with the Commission.

There is no contention made by petitioners that prior to December, 1924, Bohan knew that his injury was permanent; and obviously, in view of the statements made to him in March by the insurance company's doctor, the only reasonable impression Bohan could have formed in regard to his condition in July was that his injury was still of a temporary nature, requiring only further medical treatment. This he endeavored to obtain by writing as directed to said doctor, but his letter, so far as the evidence discloses, was ignored, and after vainly waiting a reasonable length of time, in the apparent hope that the doctor's statement to him that he ''would be all right'' would prove true, went to San Francisco in December, where he was told for the first time the true extent of his disability. The delay thereafter in filing the application was attributed by Bohan to the fact that he still depended upon the insurance company to carry out its promises made to him in November, 1923, that they would take complete care of him and pay him

everything that was coming to him. Their refusal to do so did not take place until February, 1925, and in any event Bohan's application for further compensation was filed within six months after he learned of his condition.

In view of the foregoing facts it is our opinion that the Commission's conclusion that the situation presented was not a proper one for the application of the doctrine of laches must be sustained.

The award is, therefore, affirmed.

Tyler, P. J., and Cashin, J., concurred.