[Civ. No. 5864. First Appellate District, Division One.—September 26, 1927.]

H. M. BEVERLY, Petitioner, v. FAIRMONT HOTEL, STATE COMPENSATION INSURANCE FUND AND INDUSTRIAL ACCIDENT COMMISSION, Respondents.

Sloss & Ackerman for Petitioner.

George C. Faulkner and Frank J. Creede for Respondents.

KNIGHT, J.—Petitioner brought this proceeding in *certiorari* to have annulled an award made by the Industrial Accident Commission denying his application for compensation upon the ground that the same was barred by the provisions of section 11 of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 841).

The record discloses the following facts: Petitioner on February 8, 1921, while employed as a stationary engineer at the Fairmont Hotel in San Francisco, sustained an injury to his back by falling from a tank. The State Compensation Insurance Fund was at that time the insurance carrier for said hotel and it immediately assumed liability, furnished petitioner with medical treatment and paid him compensation until he was discharged from further medical treatment on April 30, 1921. Petitioner continued in the employ of said hotel, but for some time previous to October 28, 1925, complained of the condition of his back. On that date the paymaster of said hotel, named Bishop, sent him to Dr. S. N. Jacobs for medical treatment. The latter had no connection with the State Compensation Insurance Fund, which had ceased to be the insurance carrier for said hotel, but was in the employ of the company then carrying the insurance for said hotel. In response to the request made by Bishop, Dr. Jacobs treated petitioner several times a month, and during the course thereof, to wit, on February 23, 1926, petitioner filed the present application with said Commission for an adjustment of his claim, at the same time continuing in the employ of the hotel until March, 1926, when he voluntarily quit because of his physical condition. He remained under the care of Dr. Jacobs, however, until June, 1926.

Petitioner's application for compensation is based upon the ground that the original injury had caused new and further disability. Section 11 (c) of said Workmen's Compensation Act provides in effect that such an application shall, in any event, except where the employee is "totally disabled and bedridden as a result of his injury" be filed by the injured employee and acted upon by the Commission within 245 weeks after the happening of the original injury. Said action in this respect reads as follows: " . . . nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred forty-five weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; and the jurisdiction of the commission, in such cases, shall be a continuing jurisdiction at all times within such period." As shown by the undis-

puted facts above set forth, petitioner's application was filed more than 262 weeks after the original injury occurred, which was more than 17 weeks after the expiration of the period of time fixed by the statute within which the Commission is empowered to act. It is apparent, therefore, that the Commission was barred from entertaining jurisdiction thereof.

Petitioner contends, however, that commencing on October 28, 1925, his employer furnished him with medical treatment for several months, and that, therefore, the statute of limitations was tolled for a period of six months under another provision of said section 11 (c) of said act, which reads: "The payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment."

As to whether or not petitioner's employer, the Fairmont Hotel, in fact furnished the medical treatment received by petitioner from Dr. Jacobs is, however, a disputed question. It appears from the evidence, as petitioner contends, that Mr. Bishop, the paymaster whose duty it was to provide injured employees with medical treatment, requested Dr. Jacobs to treat petitioner, but it is made clear by the testimony of Dr. Jacobs, who, as before stated, was not connected with the State Compensation Insurance Fund, but was in the employ of the company succeeding the former as the insurance carrier for said hotel, that in giving petitioner medical treatment he was not acting for the Fairmont Hotel, but agreed to and did treat petitioner as a personal favor to Mr. Bishop, with the understanding that it was not an insurance case or a case for which either the Fairmont Hotel or the State Compensation Insurance Fund would be liable; that his services were rendered without compensation or expectation of financial reward, and that consequently he gave no notice of such treatment to said State Compensation Insurance Fund. We are, therefore, of the opinion that the testimony of Dr. Jacobs is sufficient to support the Commission's conclusion that the medical treatment which petitioner received was not furnished, as petitioner claims,

at the instance and request of his employer, the Fairmont Hotel, but was rendered by Dr. Jacobs as a personal favor to Mr. Bishop.

Assuming, however, that under the circumstances a contrary construction could be placed upon the evidence, and it could be held that the treatment was furnished by petitioner's employer, the Fairmont Hotel, the situation would not be altered, because under the provisions of said section 11 of said act above quoted, since petitioner was neither "totally disabled and bedridden as a result of his injury," the statute could not in any event be tolled beyond the 245 weeks' limitation fixed therein for the continuation of jurisdiction of said Commission; and, furthermore, as stated in 27 California Jurisprudence, at page 461, "Benefits furnished by an employer after an insurance carrier has assumed liability and the employee has accepted the benefits paid by it by reason of such assumption (which was the case here) are not effectual to prevent the running of the statute of limitations against any claim which the employee might have against the insurance carrier." The latter rule is apparently based upon the legal proposition that the assumption of liability by the insurance carrier subrogates it to all of the rights of the employer.

We do not deem the case of *United States Fidelity & Guaranty Co.* v. *Industrial Acc. Com.*, 195 Cal. 577 [234 Pac. 369], cited and relied upon by petitioner, in point, because there the insurance carrier denied liability from the beginning; and, furthermore, the application for compensation was filed well within the period of 245 weeks from the date of the original injury.

For the reasons stated, we conclude that the Commission's decision herein that petitioner's claim was not filed within the period of time allowed by the statute, and that consequently the Commission was without legal authority to entertain or pass upon the same, must be sustained. The award is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 23, 1927.