[S. F. No. 12545. In Bank.—December 1, 1927.]

PACIFIC INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMIS-SION, etc., and ALEXANDER MICHIE, Respondents.

[1] WORKMEN'S COMPENSATION ACT — INJURIES IN COURSE OF EM-PLOYMENT.—Where an automobile repairman employed in a repair-shop was injured during working hours, while attempting in good faith to cross the street from the shop to an automobile to which he honestly thought, although mistaken, a shop-foreman, having authority, had summoned him to work on the machine, he was injured in the course of his employment, it being shown that it was a custom of the shop to repair machines in the street where the machine was.

[2] ID.—GOOD FAITH — QUESTION FOR COMMISSION.—In such a case, the question was one of good faith and honesty on the part of the employee under the circumstances shown, and whether there was a fraudulent scheme was one of fact for determination by the Industrial Accident Commission.

---

1. What accident arising out of and in course of employment is within purview of Workmen's Compensation Act, notes, Ann. Cas. 1913C, 4; Ann. Cas. 1914B, 498; Ann. Cas. 1915A, 126; Ann. Cas. 1915C, 779; Ann. Cas. 1916A, 388; Ann. Cas. 1916B, 1293; Ann. Cas. 1916D, 584, 694; Ann. Cas. 1916E, 166; Ann. Cas. 1917D, 195, 199, 209, Ann. Cas. 1917E, 321, 322; Ann. Cas. 1918D, 683; Ann. Cas. 1918E, 813, 1168; L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1917F, 896. See, also, 27 Cal. Jur. 343; 28 R. C. L. 801.

2. See 27 Cal. Jur. 489, 575.

[3] Id. — Award — Interest.—The power of the Industrial Accident Commission to provide for the payment of interest on an award is statutory and as a prerequisite there must be an unreasonable delay in payment.

[4] Id. — Judgment — Interest. — An award of compensation for personal injuries by the Industrial Accident Commission is not a judgment, as contemplated by section 1035 of the Code of Civil Procedure, but it may be given the effect of a judgment by the filing of a certified copy of the findings and award of the Commission with the clerk of any superior court, as provided by section 21 of the Act, but until this is done the award does not draw interest as a judgment.

(1) Workmen's Compensation Acts, C. J., p. 80, n. 25.    (2) Workmen's Compensation Acts, C. J., p. 82, n. 42, p. 115, n. 37, p. 122, n. 40.

The facts are stated in the opinion of the court.

Cooley & Gallagher for Petitioner.

G. C. Faulkner for Respondents.

SHENK, J.—This is a proceeding to review an award of the Industrial Accident Commission in favor of Alexander Michie. Petitioner is the insurance carrier of the employer. The award is sought to be annulled on the ground that the finding of the Commission that the injury arose out of and in the course of the employment is without evidence to support it.

Alexander Michie was an automobile repairman in the employ of Don Lee Company at Sacramento. His working hours were from 8 o'clock A. M. to 5 o'clock P. M.. The injury occurred about 4:45 P. M. on November 3, 1926, and under the following circumstances as shown by the evidence appearing in the record: Two other employees, Nugent and Lyle, were playing ball in an alley back of the shop between K and L Streets and leading into Fifteenth Street. The ball, thrown by one of the players, rolled out of the alley

into Fifteenth Street. Nugent ran across the street to recover the ball. Michie testified that he had been working· on a car in the shop; that he came from underneath the car and stepped to the back door of the shop which opened on to the alley; that he there engaged Bud Keeler in conversation; that he did not see the ball roll into Fifteenth Street; that he did not see nor know that Nugent was running after it; that he could not see Nugent from where he was then standing inside the door; that he heard someone call and stepped out of the door; that he then saw Nugent in the middle of the street crossing the same toward an automobile parked across the street and occupied by some person; that Nugent threw his arm up "like that" (indicating); that he (Michie) thought the car across the street was "stuck" and that Nugent was signaling him to come across the street and assist in the repair of that car. Michie started across the street toward that car when he was struck by a passing automobile and suffered the injury for which compensation was awarded. It was in evidence that it was customary for the different employees in the mechanical department, of whom Michie was one, to go into the alley and street to repair cars which had stopped outside of the shop for "trouble shooting" and repairs. It also appeared that in the absence of Mr. Young, foreman of the shop, Nugent had authority to assign work and give orders to other employees. It did not appear that Young was present or absent from the shop at this particular time, but it was shown that Nugent had issued orders to Michie on several occasions.

It developed at the hearing that the car across the street had not stopped there for repairs and that Nugent had not summoned Michie for help.

[1] There would seem to be no serious question but that the injury arose out of the employment. The difficulty is in determining whether Michie was injured in the course of his employment. We find no case in this state or elsewhere directly in point on this or a similar state of facts, so that a conclusion herein must rest on certain general principles inherent in compensation cases under our law.

First, with reference to the relationship existing between Nugent and Michie, it may be said that the evidence is susceptible of the construction that must necessarily have been

placed upon it by the Commission, namely, that in the general work in and about the repair-shop Michie was not in position to refuse to answer the call of Nugent for assistance. Although Young was the regular foreman it was in evidence that in the absence of Young Nugent gave orders and assigned work to other employees. It must be assumed that the employer acquiesced in this status of Nugent. Under such circumstances the other employees had a right to look upon Nugent as somewhat of a subforeman and could not be expected, when called upon by Nugent to perform work, to enter upon an investigation to find out whether Young were absent before complying with Nugent's request or order. So that in a consideration of what took place immediately prior to the injury, this relationship of superiority occupied by Nugent over Michie in the conduct of the shop must be kept in mind. Having this relationship in mind, it must be conceded that if Nugent and Michie had both been at work in the shop and Nugent had requested Michie by a signal of the hand or spoken word to come to another part of the shop to render assistance, it would have been proper for Michie to respond, and if Michie were injured in so responding, he would be entitled to compensation. Again, if, while in the shop Michie were injured in proceeding from his own job to a car on which Nugent was working under the honest belief that some signal or word from Nugent required his assistance, he would undoubtedly be entitled to compensation, even though he might have been mistaken in his conclusion that Nugent required his assistance. Furthermore, the field of operations for repair work on the part of the employer was not confined to the four walls of the shop. It extended, under the evidence, to the adjacent alley and street as occasion might require. If Nugent had gone across the street to attend to some repair work required to be done on the car parked at that place and had summoned Michie to come to his assistance, it clearly would have been the duty of Michie to respond. In the practical conduct of the shop it could not reasonably be assumed that any question would arise as to his obligation in that respect. In the event of injury to an employee so responding to a call for assistance and while crossing the street, the Commission might well hold that the injury so sustained would be compensable. It would then seem to be

reasonable to take the further step and to conclude that when the car with an occupant is across the street in a position where it was usual to have cars located for repairs, and when Nugent was proceeding in the direction of that car and making a signal with his arm, it would be consonant with the duty of Michie to his employer to respond to the signal when he believed in good faith that the signal was one requiring him to proceed across the street to the assistance of Nugent in the repair of a car. This would seem to be so, even though Michie was mistaken in his belief as to the effect of Nugent's action. [2] The question to be determined is one of good faith and honesty on the part of Michie under the circumstances here shown. The petitioner inquires: "What would interfere with recovery by an employee who had stepped aside from his employment and who conceives the fraudulent scheme of testifying that he *thought* his employer (or in our case, a fellow-servant) told him to do an errand?" The answer is that the question of whether there is such a fraudulent scheme is one of fact for the determination of the Commission. When that question is determined by the Commission under circumstances which would admit of a conclusion either way, this court may not substitute its conclusion as to the credibility of the witness. Cases may well be imagined when even an honest belief on the part of an employee as to his duty and the nature of his service in the premises would not be at all determinative. But when it appears, as here, that the working hours had not closed and both Nugent and Michie were still on duty; that Nugent had a right to call upon Michie for assistance in the work of the shop which extended in some cases to the repair of cars on the street; that Michie did not know that Nugent was running after the ball but was motioning in such a way as to cause Michie to conclude that his assistance in the repair of a car across the street was required, and the other circumstances here shown are made to appear, we think the finding of the Commission that the injury occurred in the course of the employment was supported by the evidence.

Petitioner calls attention to the fact that the evidence shows that when Nugent was crossing the street he dropped some coins from his pocket and it argues that the unquestioned purpose, and none other, of Michie in going into the

street was to recover this money. Michie testified that he saw something bright drop from Nugent's pocket but that he did not go into the street to pick it up and Nugent testified that at the time Michie was struck by the passing automobile he had gone past the point where the coins had fallen. We think this evidence was sufficient to meet the petitioner's contention.

[3] Petitioner takes further exception to that portion of the award ordering interest thereon. The order is as follows: "It is hereby ordered that all payments herein awarded shall bear interest at the rate of seven per cent per annum until paid, beginning with the date of this award, or the date thereafter at which payments become due." The power of the Commission to include interest on an award is contained in section 23 of the Workmen's Compensation Act. After providing for costs in the discretion of the Commission, that section provides as follows: " . . . and the Commission may, in its discretion, where payments of compensation have been unreasonably delayed, allow the beneficiary thereof interest thereon, at not to exceed one and one-half per cent per month, during such period of delay." There was no finding that payments of compensation had been unreasonably or at all delayed. The Commission attempts to justify the order by saying that "if there have been no payments of compensation unreasonably delayed, then logically petitioner has not been called upon to pay any interest. If petitioner is not compelled to pay any interest, it has no complaint." The difficulty with this contention on the part of the Commission is that the order provides for interest on the award "beginning with the date of the award, or the date thereafter at which payments become due." The order is ambiguous but in any way it is read *all* of the payments would begin to bear interest either at the date of the award or upon the due date of any payment. In either event, the order provides for interest on payments not yet due. We find no authority for the order. The power to award interest is statutory and as the condition named in the statute as a prerequisite to the award of interest, viz., an unreasonable delay in payment, is unfulfilled this portion of the award must be annulled. [4] The award is not a judgment as contemplated by section 1035 of the Code of Civil Procedure. It may be

given the effect of a judgment by the filing of a certified copy of the findings and award of the Commission with the clerk of any superior court as provided in section 21 of the act (Stats. 1917, p. 851). Until this is done the award does not draw interest as a judgment.

As the order for interest is separable from the award of compensation, we deem it unnecessary to remand the proceedings for further action by the Commission.

The award of compensation is affirmed. The order providing for interest on payments of the award is annulled.

Preston, J., Richards, J., Curtis, J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.