[Civ. No. 5973. Second Appellate District, Division One.—April 7, 1928.]

OCEAN ACCIDENT AND GUARANTEE CORPORA-TION, LTD., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION AND FRANK PAVLOVICH, Respondents.

R. P. Wisecarver and Redman & Alexander for Petitioner.

G. C. Faulkner for Respondents.

CONREY, P. J.—Petitioner is the insurance carrier for Bartlett Hayward Company, employer of respondent Pavlovich. Petitioner seeks to obtain annulment of a compensation award to Pavlovich for injuries received by him, which injuries arose out of and in the course of his employment. The accident occurred on the first day of September, 1922. Thereafter, and without any application to have the claim adjusted by the Industrial Accident Commission, the insurance carrier paid compensation on an assumed basis of liability, for a period of 244 weeks, and then discontinued further payments. It is the contention of petitioner that Pavlovich was barred from filing any claim after 245 weeks from the date of the injury; that is to say, after the fourteenth day of May, 1927. His application for adjustment of claim was not filed with the commission until June 7, 1927.

The commission, after finding the facts concerning the accident and injury and the voluntary payments made as above stated, found that "the injury caused permanent disability which is a new and further disability, and this action is not therefore barred within 245 weeks from the date of the injury, compensation having been paid thereon."

It is conceded that a permanent injury is a "new and further disability" within the provision of the Workmen's Compensation Act relating to new and further disability. (*Hutchinson Lumber Co.* v. *Industrial Acc. Com.*, 77 Cal. App. 141 [246 Pac. 118]; *General Accident etc. Corporation* v. *Industrial Acc. Com.*, 77 Cal. App. 314 [246 Pac. 570].) The following provisions of the Workmen's Compensation Act of 1917 [Stats. 1917, p. 831], are pertinent to the question at issue:

"Section 11 (c): The payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment; *provided, however,* that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within 245 weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; and the jurisdiction of the commission, in such cases, shall be a continuing jurisdiction at all times within such period; . . . "

"Section 11 (h): The running of the period of limitations prescribed by this section is an affirmative defense and operates to bar the remedy and not to extinguish the right of the employee. It may be waived, and failure to present such defense prior to the submission of the cause for decision shall be a sufficient waiver."

For a temporary disability the maximum period of allowance of an award is limited to 240 weeks from the date of the injury. For a seventy per cent or greater than seventy per cent permanent disability the award may be extended to the remainder of life of the injured employee. (Workmen's Compensation Act of 1917, sec. 9 (b), (4), (5).) The award made in this case is for the remainder of the life of the employee and on the basis of one hundred per cent disability.

The question to be determined arises on petitioner's contention that under section 11 (c) of the act a claim for new and further disability must in every case and under all circumstances be filed with the Industrial Accident Commission within 245 weeks from the date of the injury; and that the provisions of the statute which extend for six months the time for the filing of the application where the employer or insurance carrier has made voluntary payments do not apply in favor of an employee whose application for adjustment of compensation has not been filed within said period of 245 weeks.

The only direct authority in support of petitioner's contention on this point is *Beverly* v. *Fairmont Hotel et al.,*

85 Cal. App. 567 [259 Pac. 955], wherein an order of the Industrial Accident Commission denying compensation was affirmed. It appeared in that case that the insurance carrier made voluntary payments of compensation to the employee for less than three months. Thereafter medical treatment was given to the employee at the instance of the paymaster of the employer (Fairmont Hotel), but not by the insurance carrier who was carrying the employer's insurance at the time of the accident. The application for adjustment of compensation was filed with the Industrial Accident Commission within six months after such medical treatment, but not until after the expiration of the period of 245 weeks from the date of the original injury. The decision of the commission, denying compensation, was held to be supported by testimony that the medical treatment which the employee received was not furnished at the instance of the Fairmont Hotel, but had been merely rendered by the physician as a personal favor to the paymaster. The opinion, however, further states that, even if the treatment was furnished by the Fairmont Hotel, the situation would not be altered, because (the applicant not being "totally disabled and bedridden as a result of his injury") the statute could not in any event be tolled beyond the 245 weeks' limitation fixed by section 11 of the Workmen's Compensation Act of 1917 for the continuation of jurisdiction of the commission. Counsel for respondent Commission insists that the ruling last above mentioned is to be regarded as *dictum* and not necessary to the decision of that case. In this we think that counsel is correct. In view of the fact that, as it seems to us, the language of the cited decision was used in the course of its brief discussion of a point not necessarily involved, we feel at liberty to treat the question as open for further consideration and not yet governed by the authority of precedent.

██ As we have seen by referring to section 11 (h), the running of the period of limitations prescribed by section 11 is an affirmative defense which may be waived. ██ Voluntary compensation was paid to the employee Pavlovich not only for the period of 240 weeks within which compensation might have been awarded as for a temporary disability, but also for an additional period of four weeks for which payment could not have been compelled except

on a basis of permanent disability. In other words, the voluntary payment as to those four weeks should be construed as constituting a voluntary payment of compensation as for permanent disability. Under these circumstances there should result and there reasonably does result, under the provisions of section 11 (c), an extension for six months, from the last payment of such compensation, of the time within which application for adjustment of compensation might be made, even though said period of six months, extended beyond the limits of 245 weeks from the date of the accident. ■ This construction of the statute is in harmony with the provisions of the constitution and of the statute, both of which seem to call for a liberal construction of the compensation act, "with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment." (Workmen's Compensation Act of 1917, sec. 69 (a): *Bartlett Hayword Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 Pac. 195].)

■ Petitioner further contends that the award is void in this, that it provides for interest to be paid on the amounts awarded as upon a judgment. It is admitted by respondent that this part of the award is not authorized by law (*Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 202 Cal. 521 [261 Pac. 987],) and counsel stipulates that the court may annul the same.

In accordance with the stipulation of counsel for respondent, that part of the order sought to be reviewed which provides for interest on the compensation awarded is annulled without the formal issuance of any writ of review herein. Subject only to the foregoing order concerning interest, it is further ordered that the petition for a writ of review be and the same hereby is denied.

Houser, J., and York, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1928.

All the Justices concurred.