[S. F. No. 14028. In Bank.—December 24, 1930.]

HENRY COWELL LIME AND CEMENT COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

Thelen & Marrin for Petitioner.

Edward O. Allen for Respondent.

CURTIS, J.—Petitioner by this proceeding seeks to have annulled an award against it and in favor of Antone Cabral. Cabral was in the employ of petitioner as a farm laborer, and while so employed on June 1, 1928, sustained injury

to his right eye, which resulted in complete loss of the sight of said eye. Immediately on being injured he was taken to a hospital where he received treatment for the injuries sustained by him, including the injury to his eye. He remained in the hospital some two weeks, but thereafter received regular treatments for his injury until August 28, 1928, when he was discharged. He was advised on or about September 1, 1928, by the attending physician to try to take up light work. He returned to the ranch of petitioner and was put at some light work, but soon found that he was unable to perform the work assigned to him. The petitioner paid the attending physician, Dr. Cowden, for his services in attending Cabral. This payment was made October 13, 1928. No other payment, either as compensation or otherwise, has been made by petitioner on account of the injuries sustained by Cabral. Cabral, on April 23, 1929, filed with the Industrial Accident Commission his claim for compensation for the injuries sustained by him as aforesaid. This claim was filed against Henry Cowell only. A hearing was had thereon on August 29, 1929, and after the introduction of the testimony of Cabral and the attending physician, the matter was submitted for decision. Prior to said hearing and on or about July 11, 1929, the secretary of petitioner sent written notice to the Industrial Accident Commission that there was no such person as Henry Cowell against whom Cabral had attempted to file his claim before said Commission, and that Henry Cowell had died in the year 1902. Apparently the Commission paid no attention to this notice, but proceeded to hold the hearing on August 29, 1929, as stated above. It was not until March 7, 1930, that an order was made by the Commission making the petitioner, the Henry Cowell Lime and Cement Company, a party to said proceeding. Thereafter, and on April 28, 1930, a further hearing in said proceeding was held, at which petitioner was present and interposed as a defense to the claim of Cabral that the same was barred by the statute of limitations in that said proceeding had not been commenced against said petitioner within six months from the date of the last payment made by petitioner to said attending physician. At this further hearing additional evidence was taken before a referee and after the submission of the case, the referee made findings, and based upon said

findings an award was made in favor of Cabral which was thereafter confirmed by the Commission.

The Commission found that Cabral, while employed by the Henry Cowell Lime and Cement Company, sustained injuries arising out of and in the course of his employment, when a team of horses which he was driving ran away, causing various injuries to his right eye, neck and head, and that at the time both employee and employer were subject to the Workmen's Compensation Insurance and Safety Act (Stats. 1917, p. 831), hereinafter referred to as the Workmen's Compensation Act. Finding two was as follows: "Defendant (the employer) paid medical expenses on account of aforesaid injury to the applicant. The injuries now complained of and which are the result of the aforesaid accident are permanent. The claim is, therefore, not barred by the statute of limitations." The remaining findings relate simply to the age of the employee; that the injury caused permanent disability consisting of loss of sight of right eye; the amount of wages the employee was receiving at the time of the injury; the compensation to which the employee was entitled; the fixing of a reasonable attorney's fee and future medical expenses. Leave was also reserved to the employee to file a new petition for increased permanent disability rating in the event that the permanent disability as found had increased and for any permanent condition which was not included in the rating fixed therein.

It was insisted by petitioner before the Commission that Cabral's claim was barred by the statute of limitations. Petitioner now makes the same contention before this court. Independent, however, of the defense of the statute of limitations we think the award must be annulled. ■ As shown above, Cabral's claim was originally filed against Henry Cowell only, and the Henry Cowell Lime and Cement Company was not made a party to said proceedings until March 7, 1930. Before that date and on August 29, 1929, the Commission held a hearing at which the testimony of Cabral and that of Dr. Cowden was taken and the matter was submitted to the Commission for decision. Neither petitioner, nor anyone representing petitioner was present at said hearing. After the submission of the matter, the Commission made an order bringing in the petitioner as a party to said proceeding and a further hearing was had.

No stipulation, nor agreement, was had relative to the evidence taken at the prior hearing. At this second hearing while Cabral and a witness, George, representing the petitioner, were called as witnesses and testified before the Commission, Dr. Cowden was not called and the only testimony given by him was at the first hearing. Without his testimony the evidence before the Commission was not sufficient to establish Cabral's claim. The Commission, without an agreement or stipulation on behalf of petitioner permitting it to do so, had no authority or right to consider the evidence given by Dr. Cowden and Cabral at the first hearing when petitioner was not a party to said proceeding. Petitioner was not bound by said evidence (*Carstens* v. *Pillsbury*, 172 Cal. 572 [158 Pac. 218]). Furthermore, the record before us shows that after the close of the second hearing and after the case had been submitted, there was filed with the Commission an affidavit of Dr. Cowden to the effect that he had examined Cabral on the date of said affidavit, which was April 28, 1930; that he found him practically blind in his right eye; and that said injury was permanent in nature. This affidavit is quoted by counsel for the Commission in support of the findings of the Commission. It was evidently considered by the Commission and relied upon by the Commission in making up its findings. This affidavit was entitled to no weight as evidence and should not have been given consideration by the Commission. (*Pacific Coast Casualty Co.* v. *Pillsbury*, 171 Cal. 319 [153 Pac. 24].) Excluding the evidence taken at the first hearing and at a time when petitioner was not a party to said proceeding before the Commission, and disregarding the affidavit of Dr. Cowden filed with the Commission after the matter had been submitted for decision, the evidence before the Commission was insufficient to support the findings, and for that reason the award must be annulled.

As this matter will in all probability again be brought before the Commission and as the parties hereto have devoted their arguments mainly to the question of whether or not the claim involved herein was barred by the statute of limitations, we consider it only proper to express our views upon the question thus presented and which, at least from the standpoint of counsel, appears to be the principal question involved in this proceeding. In discussing this

phase of the case, we will assume that all of the evidence before the Commission, both that taken at the first as well as that taken at the second hearing, and also the affidavit of Dr. Cowden filed after the submission of the matter, were properly before the Commission for its consideration in arriving at said award.

By the provisions of section 11 of the Workmen's Compensation Act proceedings for the collection of any benefit provided by the terms of said act (and this includes compensation for medical treatment and for temporary and permanent disability but not for death benefits) must be commenced within six months from the date of the injury, except as provided in said act. The only exception contained in the act to this six months' limitation is found in subdivision (c) of section 11, and is as follows: "The payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment, *provided, however,* that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred and forty-five weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; and the jurisdiction of the commission, in such cases, shall be a continuing jurisdiction at all times within such period; *provided, further,* that the provisions of this section shall not apply to an employee who is totally disabled and bedridden as a result of his injury, during the continuance of such condition or until the expiration of six months thereafter."

The facts in this case recited above show that Cabral did not file his application for compensation with the Industrial Accident Commission within six months of the date of the injury, nor did he file said application within six months after the payment by his employer of the doctor who attended him for his said injuries. He has, therefore, not brought himself within the terms of subdivision (c) of said section 11 unless his claim is saved by the terms of the proviso contained in said subdivision. This proviso,

which we will again state, is to the following effect: *"provided, however, that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred and forty-five weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; and the jurisdiction of the commission, in such cases shall be a continuing jurisdiction at all times within such period. . . . "*

█ It was held in the cases of *Hutchinson Lumber Co.* v. *Industrial Acc. Com.*, 77 Cal. App. 141 [246 Pac. 118], *General Acc. etc. Corp.* v. *Industrial Acc. Com.*, 77 Cal. App. 314 [246 Pac. 570], and *Ocean A. & G. Corp., Ltd.*, v. *Industrial Acc. Com.*, 90 Cal. App. 725 [266 Pac. 556], that a permanent disability is a new and further disability within the provisions of the Workmen's Compensation Act. We are in full accord with this conclusion of the District Court of Appeal. Many times the seriousness of the injury is not at first apparent, and from its very nature cannot be detected until considerable time has elapsed after its infliction. The clear intent of the statute in such cases is that the injured employee shall be entitled to compensation for his permanent disability notwithstanding the fact that he may in the early stages of his injury have been granted an award only for temporary disability, or may have been paid compensation voluntarily by his employer; provided, of course, that proceedings for the collection of such permanent disability shall have been commenced within 245 weeks after the date of the original injury.

It is conceded by petitioner that in case an injured employee files within six months from the date of the injury an application for compensation for temporary disability and the same is granted by the Commission, said employee may in case his disability becomes permanent, at any time within 245 weeks after the date of his original injury, present and file with the Commission his application for further compensation on the grounds that the original injury has caused a new and further disability. This was undoubtedly the clear and unambiguous intent of said section 11 (c) of the Workmen's Compensation Act. █ We think it is also equally clear that if the injured employee receives compensation for temporary disability by

the voluntary payment thereof by the employer, instead of through a compulsory award by the Industrial Accident Commission, and thereafter his disability becomes permanent, he may at any time within 245 weeks from the date of his original injury institute proceedings before the Commission for compensation on the grounds that the original injury has caused a new and further disability. This construction has been given to the statute by the courts in the following decisions: *Employee's Credit Co.* v. *Industrial Acc. Com.*, 177 Cal. 46 [169 Pac. 1001]; *Kauffman* v. *Industrial Acc. Com.*, 37 Cal. App. 500 [174 Pac. 690]; *Anaheim Co-operative Orange Assn.* v. *Industrial Acc. Com.*, 70 Cal. App. 168 [233 Pac. 1115]; *Hutchinson Lumber Co.* v. *Industrial Acc. Com.*, 77 Cal. App. 141 [246 Pac. 118]; *General Acc. etc. Corp.* v. *Industrial Acc. Com.*, 77 Cal. App. 314 [246 Pac. 570, 572]; *Ocean A. & G. Corp., Ltd.,* v. *Industrial Acc. Com.*, 90 Cal. App. 725 [266 Pac. 556].

There is an intimation in some of the decisions that the application based upon a new and further disability must be commenced within six months after the claimant had become aware of the fact that a new and further disability had developed, but this construction of section 11 (c) of the Workmen's Compensation Act is neither warranted by the language of the statute nor supported by authority. This contention was made in the case of *Hutchinson Lumber Co.* v. *Industrial Acc. Com., supra,* but was resisted by the Commission. The court held with the Commission stating that "we are of the opinion that the position taken by the Commission must be sustained. The statute specified no such limitation of time for the filing of an application based upon a new and further disability." In *General Acc. etc. Corp.* v. *Industrial Acc. Com., supra,* the court stated the correct rule in the following language: "However, in view of the language of section 11 (c) of the Workmen's Compensation, Insurance and Safety Act (Stats. of 1917, p. 831, as variously amended), it would appear that if the injuries received in the first accident 'caused new and further disability' the question of the date when the permanent disability of Robinson was first determined would be immaterial, so long as the proceedings to have his claim adjusted were

instituted within 245 weeks after the date when the first injury was sustained.''

Applying the statute as thus construed to the facts in the present proceeding, it is apparent that Cabral's claim was not barred by the statute of limitations provided he sustained a new and further disability from his original injury. The uncontroverted facts show that his employer, the petitioner herein, made payment of compensation by settling Cabral's medical bills on October 13, 1928, Cabral filed his claim with the Commission on April 23, 1929, and the petitioner herein was made a party to said proceedings on March 7, 1930, considerably less than two years from the date of the original injury and, therefore, well within the period of 245 weeks from said date.

Petitioner, however, contends that Cabral sustained no new or further disability from his original injury for the reason that said injury was permanent from its inception or, as petitioner states its case, *ab initio*. If petitioner is correct in this statement that Cabral's injury was permanent at the date of its infliction, then the contention that his claim is barred by the statute of limitations must be sustained. For the right to file a claim within 245 weeks is given only in case the injured employee sustains a new and further disability, and not necessarily for a permanent disability. It is only when there is a change in the condition of the original injury from a temporary to a permanent disability that a "new and further disability" is established. Therefore, if the injury is permanent *ab initio* no such changed condition can ever take place. Petitioner contends that this is the situation in the present proceeding relative to Cabral's injury—that is, that his injury at the date it was received was permanent; and, therefore, no new or further disability has been established. The Commission found that Cabral's disability was permanent, but failed to find when it became permanent. From this finding it cannot be determined whether the injury was permanent at the date it was received, or whether it became permanent at some future date. If the findings stopped here, we would be compelled to hold that they were not sufficient to sustain the award. But the Commission further found that Cabral's claim was not barred by the statute of limitations. This is a finding

of fact. (16 Cal. Jur. 633, and cases there cited.) The only hypothesis upon which the Commission could have found that Cabral's claim was barred by the statute of limitations was to find that the disability caused by his original injury was permanent in the first instance, and, therefore, no new and further disability had been shown. By finding that his claim was not barred by the statute of limitations, the Commission, at least impliedly, found that the disability resulting from his injury was not permanent *ab initio*, but that originally it was temporary and later developed into a permanent disability. If this implied finding is sustained by the evidence, then the award is immune from attack in so far as said attack is based upon the statute of limitations.

After a thorough consideration of the evidence we are convinced that it is sufficient to justify the findings of the Commission. The record before the Commission, which has been certified to this court, shows that the ball of Cabral's right eye apparently received only superficial injury at the time of the accident. It was in no way destroyed. Dr. Cowden, who attended Cabral at the hospital and afterward, testified that Cabral had a laceration of the inner side of the right eye; that at the time he was first called to attend Cabral at the hospital, Cabral's eyes were full of dirt and whatever he could pick up in the field; that he cleaned out the eye and took stitches in the eye, lip and ear; that there was no evidence of any permanent injury at the time he was hurt; that the wounds healed and the eye cleared up all right by the time Cabral left the hospital, and that he never heard Cabral say anything about the vision in his eye, nor complain of his eye. The doctor later filed an affidavit that he had examined Cabral after the application had been filed with the Commission and that he found Cabral to be practically blind in his right eye. Cabral testified that his sight in his right eye before the accident was good and that up to that time he had never had any trouble with his eyes. He further testified at the time of the hearing as follows: "Q. How is your eye (right)? Can you see out of it? A. No I no see good. All foggy. Q. Was your eye good before the accident? A. Yes. Q. Just the same as the other eye? No answer. Q. Can you see out of it? Put your hand over your left eye and tell me what you can see.

A. Just figures—heavy fog—just some. Q. Can't recognize me? A. No. Q. Could you recognize the doctor with your left eye closed? A. No. (Distance of about three feet.)" He was not asked and it is not shown when the loss of vision in his right eye occurred, and whether it was gradual or all at once. But the fact that the doctor testified that there was no evidence of any permanent injury to the eye resulting from the accident, and that he detected nothing wrong with Cabral's vision, and that Cabral made no complaint to the doctor while the latter was attending him for some four or five months after the accident is most persuasive that the original injury to Cabral's eye was apparently superficial and caused only temporary disability.

The evidence is without conflict that at the time of the hearing, at least, and subsequent thereto the vision in Cabral's right eye was practically gone. The evidence, therefore, upon the whole was ample, in our opinion, to support the Commission in finding that the injury to Cabral's eye was at the first only temporary but that later the condition of the eye changed to that of a permanent injury. This brought Cabral's claim clearly within the rule established by section 11 (c) of the Workmen's Compensation Act as one founded upon a new and further disability. It was, therefore, not barred by the statute of limitations prescribed by said act.

For the reasons, however, heretofore given, the award is annulled.

Preston, J., Shenk, J., Waste, C. J., Seawell, J., Richards, J., and Langdon, J., concurred.