[Civ. No. 4675. Third Appellate District.—June 29, 1932.]

UNION LUMBER COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, SAKARI PALOMAA et al., Respondents.

Mannon & Brazier for Petitioner.

A. I. Townsend for Respondents.

THOMPSON (R. L.), J.—This is a petition for a writ of *certiorari* to review an award of damages which was rendered on account of injuries sustained by Sakari Palomaa in the course of his employment with the petitioner.

Sakari Palomaa, known as A. Palomaa, was employed by the petitioner on August 1, 1928, in its lumber camp at Fort Bragg, as a laborer. On that date he received an injury consisting of a posterior dislocation of his left knee, as a result of being struck by a rolling log. The injury was sustained in the course of his employment. The petitioner carried its own accident insurance. The employer voluntarily paid the injured workman compensation to January 1, 1929, and also furnished him with an iron knee-brace. It appears that Palomaa was so disabled from the injury that he was unable to work until November 8, 1928. He then attempted to resume his employment, but the injury prevented him from performing efficient service and he left the lumber camp. January 1, 1929, he again attempted to resume his employment, working on part time until about May 1, 1929. He then left and returned to his native country of Finland. He was never thereafter employed with the petitioner.

On December 3, 1930, J. Horton Beeman, of San Francisco, in behalf of Palomaa, filed with the Industrial Acci-

dent Commission a claim for compensation for the injuries received. The Union Lumber Company answered this petition, admitting the employment, the injury to the workman, and the voluntary payment of compensation as above related. The answer, however, denied that Palomaa was permanently or seriously injured. It denied that any permanent disability which he then suffered was the result of the dislocated knee which occurred in the course of his employment with the lumber company. It also asserted the claim was barred by the statute of limitations, as provided by section 11 of the Workmen's Compensation Act.

The claim for compensation was first heard December 18, 1930. It was then continued to March 5th to permit the petitioner to furnish evidence of the identity of the claimant. At that time, over the objection of the Union Lumber Company, the certificate of T. E. Pajari, a physician of Raahe, Finland, where Sakari Palomaa resides, was admitted in evidence. This certificate was duly verified by Jarl Lindfors, the American vice-consul of Finland. It certified to the identity of Palomaa, together with the nature, extent and permanency of his injury. The further hearing of the case was then continued to October 21, 1931. At that time witnesses were examined and documentary evidence adduced. The claimant was not present at any of these hearings. He still remained in Finland. In addition to the defense on the part of the Union Lumber Company that the claim was barred by the statute of limitations, the point which was then most strenuously urged is that the serious, permanent disability of the employee, as it appears from the certificate of the Finland physician, is not proved to be the result of the injury which he received at Fort Bragg, in the course of his employment, on August 1, 1928. This petitioner then requested a continuance to enable it to rebut the assumption that the claimant was suffering from the result of his original injury, and to show that his present permanent disability of the knee-joint is the result of some subsequent injury. At the final hearing of this case at Ukiah on October 21, 1931, the referee made the following order: "The case will be referred to Mr. Britton for the purpose of preparing interrogatories, and when the same are prepared and forwarded, the parties will be allowed ten days thereafter to file with the commissioner cross-interrogatories. If

this be not done within the expiration of that period the interrogatories will issue, and upon their return the . . . case *will be set for further hearing at Fort Bragg.*"

The interrogatories referred to in the order of the referee were for the purpose of taking a deposition in Finland, to be filed as evidence in the case. The interrogatories were never prepared or served on this petitioner. The deposition was not taken. Without notice to this petitioner, the cause was submitted. The Commission then adopted findings to the effect that the claimant sustained an injury to his left knee while he was serving the petitioner in the course of his employment, and that "said injury caused permanent disability consisting of moderate instability of the left knee joint". Thereupon an award of $865.52 was rendered against the Union Lumber Company in favor of Sakari Palomaa. A petition for rehearing of the cause was subsequently made to the Commission on the ground that the cause was submitted contrary to the order of the referee, without notice to the employer and without affording it the opportunity to adduce evidence to rebut the certificate of Doctor Pajari, to the effect that the claimant's injuries are permanent.

The verified report of the examining physician, Doctor Pajari of Finland, was competent evidence at the hearing of the Commission. The objection to the introduction of this document was properly overruled. It was duly certified by the American consul of Finland. Subdivision (c) of section 19 of the Workmen's Compensation Act provides for a very liberal rule of evidence, as follows:

"The commission may receive as evidence, either at or subsequent to a hearing, and use as proof of any fact in dispute, the following matters, in addition to sworn testimony presented in open hearing:

"(1) Reports of attending or examining physicians."

The case of *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319 [153 Pac. 24], upon which the petitioner relies for its assertion that the examining physician's certificate is incompetent evidence, was decided in 1915, when no such liberal rule of evidence as that which is above quoted was in existence. The above statute was enacted by the legislature in 1917 and became effective January 1, 1918. That statute authorizes the consideration of an examining physi-

cian's report of the extent and nature of an injury, when it is properly certified. This is a radical departure from the customary rules of evidence, but it is clearly authorized by statute.

■ Assuming that the present condition of the knee of Palomaa amounts to "permanent disability consisting of moderate instability of the left knee joint" is the natural result of the original injury which he received in the course of his employment, without the aggravation of the injury by any subsequent accident or negligence in the care of the injured knee, the statute of limitations for presenting the claim does not bar the action "within two hundred and forty-five weeks from the date of the injury", as provided by section 11 of the Compensation Act. The time for commencing the action in the present case was extended to the time last mentioned, by the payment of compensation from the employer. Nor did the statute of limitations which is announced in section 11 (c) of the Workmen's Compensation Act require the action to be commenced within six months after the accident occurred, on the theory that the permanency of the injury constitutes a "new and further disability". ■ Conceding that an application for compensation on the ground of permanency of the injury, which permanent nature of the injury is discovered subsequently to the awarding of compensation or the voluntary payment of money based upon an original temporary injury, constitutes a "new and further disability" within the meaning of the statute, that act, nevertheless, provides that "nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred and forty-five weeks after the date of the injury *upon the grounds that the original injury has caused new and further disability*".

The latest expression of the Supreme Court upon this subject is contained in the case of *Cowell L. & C. Co.* v. *Industrial Acc. Com.*, 211 Cal. 154, 160 [72 A. L. R. 1118, 294 Pac. 703, 705], as follows:

"It was held in the cases of *Hutchinson Lumber Co.* v. *Industrial Acc. Com.*, 77 Cal. App. 141 [246 Pac. 118], *General Acc. etc. Corp.* v. *Industrial Acc. Com.*, 77 Cal. App. 314 [246 Pac. 570], and *Ocean A. & G. Corp., Ltd.*, v.

*Industrial Acc. Com.*, 90 Cal. App. 725 [266 Pac. 556], that a permanent disability is a new and further disability within the provisions of the Workmen's Compensation Act. We are in full accord with this conclusion of the District Court of Appeal. Many times the seriousness of the injury is not at first apparent, and from its very nature cannot be detected until considerable time has elapsed after its infliction. The clear intent of the statute in such cases is that the injured employee shall be entitled to compensation for his permanent disability notwithstanding the fact that he may in the early stages of his injury have been granted an award only for temporary disability, or may have been paid compensation voluntarily by his employer; provided, of course, that proceedings for the collection of such permanent disability shall have been commenced within 245 weeks after the date of the original injury.''

This completely disposes of the contention of the Union Lumber Company in this case that this action is barred by the limitation of time within which it may be commenced. The claim was presented in this case within the period of 245 weeks from the date of the accident. That procedure conforms to the clear language of the statute.

The rights and liabilities of neither party were impaired by the effort which was made to compromise the claim in the present action. (Sec. 27 (a), Workmen's Compensation Act.)

Nor was compensation waived by the refusal of the claimant to submit to medical examination. It is true that he left his employment and went to Finland, where he thereafter remained. Prior to his departure he submitted to repeated examinations by the physician representing the lumber company. No written demand or request was ever subsequently made upon him by the employer to submit to further examination. The waiver of a right to compensation provided by section 16 (a) of the Compensation Act is based upon a wilful refusal to submit to an examination by a physician ''upon the written request of his employer''. The record discloses no such demand or request.

It becomes necessary, however, to set aside the award which was rendered in this proceeding and remand the cause for further proceedings because of prejudicial error which occurred in submitting the cause without notice to the

employer and without affording it an opportunity to adduce evidence to rebut the certificate of Doctor Pajari of Finland as to the cause of the alleged permanency of the injury. Upon application on the part of the employer to be afforded this opportunity by means of a deposition to be formally taken, the referee entered the minute order above quoted. This order recited that interrogatories would be prepared by the Commission and served on the respective parties who should be given a specified time in which to prepare and serve amendments to the proposed questions to be propounded. It was then ordered that the cause would then be continued for further hearing at Fort Bragg at a specified time to be subsequently set. Without notice the cause was submitted and determined. This petitioner for a writ of review was misled by relying on the prescribed procedure for supplying evidence respecting the cause of the permanency of the injury. In the event of countermanding the order to take the deposition by the Commission, the employer was entitled to notice so that it might have the opportunity of otherwise supplying the evidence if it was able to do so. This privilege was not waived, since the employer formally petitioned the Commission for a rehearing of the cause.

The award is therefore vacated, and the cause is remanded for further proceedings in accordance with the foregoing suggestions.

Parker, J., *pro tem.*, and Plummer, Acting P. J., concurred.