**CRESCENT WHARF & WAREHOUSE CO.
et al. v. PILLSBURY et al.**

No. 12052.

United States District Court
S. D. California, C. D.

May 4, 1951.

Lillick, Geary & McHose, Los Angeles, Cal., for libelants.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Los Angeles, Cal., for respondents.

PAUL J. McCORMICK, Chief Judge.

The rule is well settled that workmen's compensation laws are to be liberally construed in furtherance of the purpose, for which they were enacted. Industrial Commission v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140. It is also firmly established that as to all questions of fact arising and determined by the Deputy Commissioners under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., the decisions are final and not judicially reviewable. This rule as to the finality of factual findings applies where there is any evidence warranting inferences supporting them. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, and Cf. Portland Stevedoring Co. v. Wegener, 9 Cir., 162 F.2d 830; Simmons v. Marshall, 9 Cir., 94 F.2d 850.

The only contention pressed by the movant for judgment on the pleadings and by the libelants in this matter is that under Section 22 of the Longshoremen's Act the Deputy Commissioner's Order of July 10, 1950 is not in accordance with law and should be set aside by injunction.

From an examination of the entire record, the memoranda and arguments of respective proctors, we find no error of law in the order under attack. It is clear that the two Deputy Commissioners who functioned in this compensation claim treated it factually throughout as recurrent and in a pending and transitory status. Such decisions are tantamount to findings that

Vinten's claim was not barred when the hearing of June 20, 1950 was held or at the time of the issuance of the order of July 10, 1950. They constitute findings of fact and can not be disturbed. See Cowell Lime & Cement Co. v. Industrial Accident Comm., 211 Cal. 154, 294 P. 703, 72 A.L.R. 1118.

The motion for judgment on the pleadings is denied; the compensation order of the Deputy Commissioner dated July 10, 1950 is valid and enforceable and the libel for injunction against respondents is dismissed. Proctors for respondents will prepare, serve and present an appropriate order pursuant to the foregoing memorandum and order.