[Civ. No. 5954.  Third Appellate District.—March 15, 1938.]

J. P. BASCOM, as Trustee, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and EMMA C. HUNTLEY, Respondents.

[Civ. No. 5955.  Third Appellate District.—March 15, 1938.]

J. P. BASCOM, as Trustee, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and CLAD CRAWFORD, Respondents.

Evan J. Hughes for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

THE COURT.—Petitioner J. P. Bascom, as trustee of the creditors of J. C. Boyle Lumber Company, seeks to review the findings and award of respondent Industrial Accident Commission, and the order of said commission denying a petition for rehearing.

In one proceeding respondent Crawford was applicant and defendants were J. C. Boyle, J. C. Boyle Lumber Company, J. P. Bascom individually, and as trustee for the creditors of J. C. Boyle Lumber Company, Sam Finegold, Otto Link, Lawrence J. Skirving, individually and as a creditors' committee operating for the benefit of the creditors of J. C.

Boyle and also numerous creditors of the J. C. Boyle Lumber Company.

This application was consolidated for hearing with an application of Emma G. Huntley against the same above-named defendants for fatal injuries to A. E. Huntley, which occurred in the same accident in which Mr. Crawford was injured.

It was found by the commission that Crawford, while in the employ of J. P. Bascom, as trustee and assignee, Lawrence J. Skirving, Otto Link, Sam Finegold and J. C. Boyle, sustained injuries arising out of and during the course of said employment, and finding said employee entitled to compensation from Bascom and others.

In the companion case, the commission found that Arthur E. Huntley, while employed by the same defendants, sustained injuries in the course of his employment, which caused his death. The commission found that the contract of hire under which the decedent was employed at the time of said injury, was entered into between him and the defendants Bascom as trustee, Skirving, Link, Finegold and Martin. These appeals are taken by Bascom as trustee.

It is urged that Bascom was not the employer within the meaning of the Industrial Accident Commission Act, but was an employee only, and secondly, that Bascom was denied the right to due process of law in that he was not permitted to present his defense. It is to this latter specification we direct our attention.

The transcript of the proceedings discloses that some four days were consummated in the hearing of the witnesses called on behalf of the applicants. At the conclusion of the fourth day the referee announced that he felt the commission was in a position to make a decision as to the liability involved upon the testimony then before the referee, and that he was loath to grant further time for additional testimony. Objection by the various respondents, including Bascom, was made to the matter being submitted, but was overruled.

The order made by the referee was that "the matter is submitted to the Commission on . . . the question of a further hearing, and if granted, the notice will be served on all interested parties". Following some objection by counsel to the effect that a judgment could not be taken against one who had no opportunity to present his defense, the referee fur-

336

ther added: "I can't say the Commission will, (take a judgment) but if they do you have a remedy in appealing your proceeding for lack of due process, etc." The record bears out the statement of counsel that Mr. Bascom was not called as a witness in his own behalf, nor given an opportunity to call any witnesses in support of his contentions. It is true he was on the stand, but only as a witness called by the commission, and as stated by counsel for Bascom in objecting to the submission of the matter he had evidence which he wished to present. Opportunity, however, was not afforded him to present such evidence.

We therefore believe, without going further into the merits of the case, that petitioner's point is well taken, and that he was denied the right granted him under section 13 of article I of the Constitution of California, as well as the fifth amendment to the Constitution of the United States, and for that reason the award of the commission as to petitioner should be annulled, and it is so ordered.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1938.