[Civ. No. 14661. Second Dist., Div. One. Dec. 4, 1944.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, SIDNEY SCHIFF et al., Respondents.

Charles W. Bowers for Petitioner.

Everett A. Corten and R. C. McKellips for Respondents.

YORK, P. J.—Petitioner insurance carrier by means of a writ of review seeks the annulment of an award of the Industrial Accident Commission granting compensation to an injured employee and ordering it to be paid by petitioner.

At the hearing held April 20, 1944, the following facts were admitted:

"1. Sidney Schiff, born September 3, 1911, was employed December 3, 1943, as a linotype operator, at Los Angeles, California, by Aaron Fefferman and Myer Fefferman, copartners, doing business as Mercury Printing Company, a copartnership, whose insurance carrier was National Automobile Insurance Company, a corporation, under a limited policy.

"2. On said date said employee sustained injury arising out of and occurring in the course of his employment, while riding upon a motorcycle, resulting in fracture to the right side of the pelvis, laceration of right thigh and fracture of fourth metacarpal bone in the right major hand. . . .

"3. All medical treatment furnished by applicant, none by defendants. Defendants admit liability for the reasonable medical expense, to be determined subsequently upon the filing of itemized bills in duplicate approved by this Commission, if the parties are unable to adjust the same out of court.

"4. Earnings, $51.00 a week.

"5. No compensation has been paid.

"6. Said employee has been temporarily totally disabled from December 3, 1943, to April 20, 1944, and will be disabled indefinitely thereafter."

The issue presented at the hearing was the extent to which the employer was covered by the policy issued by petitioner insurance carrier. At that time the referee before whom the matter was heard, made the statement: "We have this problem, Mr. Fefferman. It is a misdemeanor to be uninsured. You have a limited policy here, so you will have to either secure full coverage within ten days, or secure a certificate of consent to self-insure, because you see you are uninsured." To this Mr. Fefferman replied: "I didn't realize that. The Referee: And you are subject to a civil suit. Case submitted. . . . Mr. Fefferman: May I ask a question? Does that mean if one of my employees is doing something other than what he is specifically employed for, then that constitutes no coverage? The Referee: No. Your limitation is that he is either doing house-to-house distributing of hand bills, or he is using a

motorcycle. Apparently you have full coverage in all but those two things."

Subsequently, in response to inquiry from the referee who conducted the hearing, the California Inspection Rating Bureau indited the following letter:

"We have your inquiry of April 24th, with reference to the limiting and restricting endorsement attached to this policy, and it is our judgment that your interpretation is correct.

"We have always considered the endorsement as removing from the policy coverage door to door delivery of newspapers, periodicals, etc., and motorcycle delivery. The use of the form for the most part is precautionary. The Company is unwilling to write the risk with such known exposure. The employer states that he has no such employees. The Company attaches the form as a precaution, and the employer accepts the restrictions because he has no one to whom they apply. . . ."

Thereafter, it was found by the referee that "On said date the employer's compensation insurance carrier covering said injury was National Automobile Insurance Company, a corporation, and both the employer and the employee were subject to the provisions of the Workmen's Compensation, Insurance and Safety Laws of the State of California.

"In accordance with underwriting practices, there would be no segregation of payroll to cover the time on an isolated errand, and the terms 'operations or occupations . . . assignable to Classification Code 7380' are used in the sense of identifying a payroll segregation, and are not applicable in the present case."

Basing it on the foregoing findings, the respondent commission made the following award on May 24, 1944:

"Award is made in favor of Sidney Schiff against National Automobile Insurance Company, a corporation, in the sum of $30.00 per week beginning December 11, 1943, and thereafter during the continuance of disability or until further order of this Commission, together with reimbursement for medical treatment, as hereinabove provided, less the sum of $35.00 payable to J. W. Joslyn and Charles Hollopeter as attorneys' fees."

Petitioner here urges (1) that the respondent commission committed prejudicial error in receiving evidence (the letter from California Inspection Rating Bureau, above quoted) after the cause was submitted for decision, without giving the

employer and his insurance carrier an opportunity to be heard; and (2) that the policy of insurance, by reason of the endorsement agreement attached thereto, excluded the claim of the employee herein.

Said endorsement agreement reads: ''The insurance under this policy is limited as follows:

''It is AGREED that, anything in this policy to the contrary notwithstanding, this policy DOES NOT INSURE:

| Employees and/or Operations and/or Locations not Insured Option 6 | As respects injuries (or death resulting therefrom) sustained by Any employee engaged in the following operations or occupations: A—House to house distributing of hand bills, circulars, newspapers or other printed matter, assignable to: Classification Code 8742—Salesmen, etc. B—Using motorcycle, assignable to Classification Code 7380—Chauffeurs, etc. |
|---|---|

''Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of this policy other than as above stated.

''Attached to and forming part of Policy No. C 290744 issued by the National Automobile Insurance Company to Mercury Printing Company.''

The laws appertaining to workmen's compensation, as contained in the Labor Code, enumerate those matters which, in addition to sworn testimony presented in open hearing, the commission may receive and use as proof of any fact in dispute. (Section 5703.) ▉ As heretofore stated, after the instant cause was submitted for decision by the referee, he addressed an inquiry to the California Inspection Rating Bureau, and later received the reply hereinbefore quoted, which was then made a part of the record. The record does not disclose the context of the letter of inquiry, nor that any evidence was presented· at the hearing on the question of underwriting practices, it being petitioner's contention at all times that the policy of insurance did not cover the alleged injury.

Under section 5704 of the Labor Code, ''Transcripts of all testimony taken ·without notice and copies of all reports and *other matters added to the record, otherwise than during the*

*course of an open hearing,* shall be served upon the parties to the proceedings, and an opportunity shall be given to produce testimony in explanation or rebuttal thereof before decision is rendered.''

It is clear that petitioner was not afforded such opportunity in the present instance.

In *Union Lumber Co.* v. *Industrial Acc. Com.,* 124 Cal.App. 584, 590 [12 P.2d 1047], it was held necessary to set aside an award and remand the cause for further proceedings, ''because of prejudicial error which occurred in submitting the cause without notice to the employer and without affording it an opportunity to adduce evidence to rebut the certificate of Doctor Pajari of Finland as to the cause of the alleged permanency of the injury.''

It was held in the case of *Bascom* v. *Industrial Acc. Com.,* 25 Cal.App.2d 334 [77 P.2d 305], that an award of compensation for the death of an employee, made by the commission—after a hearing in which petitioner was not given an opportunity to present his defense that he was not an employer of decedent within the meaning of Workmen's Compensation Act, but was an employee only of the trustees for creditors,—was made without due process guaranteed under section 13 of article I of the Constitution of California, and the Fifth Amendment to the Constitution of the United States.

The error here is particularly flagrant because at the close of the hearing when the matter was submitted for decision, the referee stated: ''We have this problem, Mr. Fefferman. It is a misdemeanor to be uninsured. You have a limited policy here, so you will have to either secure full coverage within ten days, or secure a certificate of consent to self-insure, because you see you are uninsured. . . . Mr. Fefferman: . . . Does that mean if one of my employees is doing something other than what he is specifically employed for, then that constitutes no coverage? The Referee: No. Your limitation is that he is either doing house-to-house distributing of hand bills, or he is using a motorcycle. Apparently, you have full coverage in all but those two things.'' After receiving the reply to his inquiry addressed to the California Inspection Rating Bureau, the referee found ''In accordance with underwriting practices, there would be no segregation of payroll to cover the time on an isolated errand, and the terms 'operations or occupations . . . assignable to Classification Code 7380' are used in the sense of identifying a payroll segregation and

are not applicable in the present case.'' Such finding has no support in the evidence adduced at the open hearing in the instant cause.

It conclusively appears, therefore, that the commission committed prejudicial error in receiving into the record the letter from the bureau and basing its award thereon, without affording petitioner an opportunity to be heard, and as well, in failing to make the referee's inquiry to the bureau a part of the record.

For the reason that the instant cause must be remanded for further proceedings, it is not deemed advisable to pass upon the question of coverage of the employee under the policy of insurance issued by petitioner containing the limitations above adverted to, because at another hearing, evidence may be presented which will shed an entirely different light upon that issue.

For the reasons stated, the award is vacated and the cause remanded for further proceedings in accordance with the foregoing suggestions.

Doran, J., and White, J., concurred.