[L. A. No. 14585. In Bank.—June 11, 1934.]

GEORGE GOBEL, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Geo. W. Rochester and Burke Mathes for Petitioner.

Everett A. Corten and Horace W. B. Smith for Respondents.

R. P. Wisecarver, B. E. Pemberton and Edmund D. Leonard, as *Amici Curiae* on Behalf of Respondents.

THE COURT.—By this application the petitioner seeks to have this court review and annul the action of the respondent commission in dismissing for an asserted lack of jurisdiction a petition to reopen and to adjust a claim based on an alleged new and further disability in the nature of permanent disability resulting from the original accident for which petitioner has already received an award for temporary total disability. The dismissed petition was filed with the commission two days before the expiration of 245 weeks from the date of the accident.

It appears that petitioner on September 3, 1928, and while acting in the course and scope of his employment for the Thompson Paint and Glass Company, slipped and fell to the ground from a window-sill on the fifth floor of a building and was severely injured. Compensation benefits and necessary medical services were furnished by the employer and its insurance carrier until May 9, 1929.

Petitioner thereafter, and on August 22, 1930, made application to the respondent commission for an adjustment of his claim for compensation for temporary disability resulting from the accident. Upon hearing had the commission on November 19, 1930, found, in substance, that petitioner had suffered temporary total disability from the date of the accident on September 3, 1928; that the employer and the insurance carrier had paid all compensation and furnished all necessary medical treatment during that period; and that the evidence failed to show that petitioner suffered any disability subsequent to May 9, 1929, by reason of the accident. It was therefore ordered that petitioner take nothing. No petition for a review was filed.

Thereafter and on May 13, 1933, and within two days of the expiration of 245 weeks from the date of injury, the

petitioner filed a petition with respondent commission to reopen the case and to make an award of compensation upon the ground that the original injury had caused "new and further disability". The commission gave notice of its intention to dismiss this proceeding and on July 3, 1933, made its order dismissing the same on the ground that sufficient time did not remain to permit of reasonable notice and hearing before expiration of the 245-week period. Application for a rehearing was denied and this proceeding was thereupon commenced. The sole question involved is whether the commission rightfully refused to take jurisdiction and consider an application for an award based on alleged new and further disability when the application therefor was filed within the 245-week period of limitation, but at a time when, in its opinion, there was no opportunity to give reasonable notice of, and to hold a hearing on the application within, the 245-week period.

In support of its action, the commission relies on *Larsen* v. *Industrial Acc. Com.*, 125 Cal. App. 13 [13 Pac. (2d) 850]. The case is not in point. There an award was made by the commission. No application for a rehearing was filed and no further steps taken until the last day of the 245-week period when the commission, of its own motion, purported to make an order amending and modifying its previous award. In annulling the award, as amended, without notice to the insurance carrier, the court in the Larsen case, *supra,* declared that section 20 (d) of the Workmen's Compensation Act only authorizes the commission to rescind, alter or amend its orders, decisions or awards upon good cause and "when notice and . . . opportunity to be heard is given to the parties in interest", and within a period of 245 weeks from the date of the injury.

Petitioner assumes the position, and correctly so, that the Larsen case is inapplicable. He contends, in substance, that he did not seek an amendment or modification of the original award but, on the contrary, instituted a new and independent proceeding, notwithstanding the form in which the same was presented, for an award based on new and further disability in the nature of permanent disability caused by the original injury and not theretofore compensated for. He urges that such a proceeding is within time if *commenced* within the 245-week period and cites in sup-

port thereof *Hines* v. *Industrial Acc. Com.*, 215 Cal. 177, 190 [8 Pac. (2d)1021], and *Cowell etc. Co.* v. *Industrial Acc. Com.*, 211 Cal. 154, 160 [294 Pac. 703, 72 A. L. R. 1118]. These cases support petitioner's contention. In the latter of the two cited cases it is declared: "It was held in the cases of *Hutchinson Lumber Co.* v. *Industrial Acc. Com.*, 77 Cal. App. 141 [246 Pac. 118], *General Accident etc. Corp.* v. *Industrial Acc. Com.*, 77 Cal. App. 314 [246 Pac. 570], and *Ocean A. & G. Corp., Ltd.*, v. *Industrial Acc. Com.*, 90 Cal. App. 725 [266 Pac. 556], that a permanent disability is a new and further disability within the provisions of the Workmen's Compensation Act. We are in full accord with this conclusion of the District Court of Appeal. Many times the seriousness of the injury is not at first apparent, and from its very nature cannot be detected until considerable time has elapsed after its infliction. The clear intent of the statute in such cases is that the injured employee shall be entitled to compensation for his permanent disability notwithstanding the fact that he may in the early stages of his injury have been granted an award only for temporary disability, or may have been paid compensation voluntarily by his employer; provided, of course, that proceedings for the collection of such permanent disability shall have been commenced within two hundred and forty-five weeks after the date of the original injury. . . . In *General Accident etc. Corp.* v. *Industrial Acc. Com.*, *supra*, the court stated the correct rule in the following language: 'However, in view of the language of section 11 (c) of the Workmen's Compensation, Insurance, and Safety Act (Stats. of 1917, p. 831, as variously amended), it would appear that if the injuries received in the first accident "caused new and further disability" the question of the date when the permanent disability of Robinson was first determined would be immaterial, so long as the proceedings to have his claim adjusted were instituted within 245 weeks after the date when the first injury was sustained' ".

It would appear, therefore, that inasmuch as petitioner was not seeking an amendment or modification of the original award, but rather was asking an award based on a "new and further disability", in the nature of permanent disability, that the Larsen case, *supra*, relied upon by the commission, is inapplicable, and the application for an award

based on such new and further disability having been filed within the 245-week period, was within time under the authorities above cited, and the commission therefore erred when it dismissed the petition for lack of jurisdiction.

The order of July 3, 1933, dismissing the petition for an award based on new and further disability is annulled and the proceeding is remanded to the respondent commission for such further proceedings as may be proper in accordance with this decision.

Rehearing denied.

Shenk, J., and Preston, J., dissented.