[L. A. No. 20415. In Bank. May 25, 1948.]

DOUGLAS AIRCRAFT COMPANY, INC. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MELVIN C. CHAFFEE, Respondents.

Frederick E. Hines, John A. Dundas and Patrick H. Ford for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

EDMONDS, J.—Douglas Aircraft Company, a self-insured employer, by writ of certiorari is seeking the annulment of an award for permanent disability made by the Industrial Accident Commission in favor of an injured employee.

In 1941, Melvin C. Chaffee sustained injury arising out of and in the course of his employment. Four years after his injury, Chaffee applied for compensation benefits, explaining that medical treatment, including two operations, had been furnished by the employer up to that time. The application stated that it was filed ''To determine the permanent disability rating as a result of the above operations.'' In April, 1946, which was 251 weeks after the injury, Chaffee was awarded $19.57 per week for total temporary disability.

No rehearing was sought as to this award. Shortly after it became final and 261 weeks after the injury, Chaffee filed a ''Request for Further Hearing,'' seeking a determination of the issue of permanent disability. Hearings were had and in June, 1947, the commission issued a ''Supplemental Award'' giving Chaffee $19.57 per week for 189 weeks based upon a 47¼ per cent permanent disability rating. Following the denial of the employer's petition for a rehearing, the Douglas Company commenced this proceeding.

The petitioner takes the position, as it did in the petition for rehearing, that the commission acted without and in excess of its jurisdiction in awarding indemnity for permanent disability. Prior judicial decisions, it argues, have limited the jurisdiction of the Industrial Accident Commission to act to the 245-week period provided in Labor Code, sections 5804 and 5410, the only exception being, as stated in *Gobel* v. *Industrial Acc. Com.*, 1 Cal.2d 100 [33 P.2d 413], that if the application is filed within 245 weeks, the commission may make its determination after that time has expired.

The answer of the commission is that since the employee filed his application for adjustment of claim, which included a request for permanent disability rating, within the time specified by the provisions of the Labor Code, there was jurisdiction to hold the final hearing and award permanent disability compensation more than 245 weeks following the

injury. This conclusion is based upon the decision in the Gobel case, *supra*. As further justifying its award, the commission insists the employer erroneously assumes "that an injured employee whose condition during the 245 weeks following injury does not become so stationary as to justify a verified petition stating the exact limits of his permanent disability, loses his right to any compensation for such permanent disability."

■ The jurisdiction of the commission is limited by section 5804 of the Labor Code which provides: "No award of compensation shall be rescinded, altered, or amended after 245 weeks from the date of the injury." This provision, by its terms, creates a jurisdictional limitation upon the commission to make an award altering, amending, or rescinding its final orders with respect to a claim on which it has already acted. (Hanna, Industrial Accident Commission Practice and Procedure, 1943, p. 118.) However, under the rule announced in the Gobel case, the commission may make a determination after that time has expired, providing the application requesting such action is filed during the 245-week period. (*Gobel v. Industrial Acc. Com., supra.*) Both of the parties rely upon this construction of the statutory requirement, but they disagree upon the question as to whether or not Chaffee is entitled to its benefits.

■ The findings made in support of the first award included the statement: "Applicant's condition is not yet stationary and permanent, and jurisdiction is hereby reserved to determine extent of permanent disability, within 245 weeks from date of injury, upon request of any party in interest." More than 245 weeks had intervened between the time of the injury and the date of this finding. One construction of it is that the applicant had not sustained permanent disability. But it is equally reasonable to say that, because of the commission's erroneous computation of time, a determination in regard to the permanency of his injury was deferred.

This action left Chaffee without any decision upon the issue of permanent disability presented by his petition filed well within the statutory period, and his "Request for Further Hearing" was based upon the commission's error in this regard. He there stated that the commission had failed to find on the issue of permanent disability, and the question remained open and undetermined. The award which followed the further hearing was the first decision of the com-

mission upon that issue, and was jurisdictionally justified by the rule of the Gobel case.

The award is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied June 21, 1948.