[Civ. No. 16908.   Second Dist., Div. Three.   June 8, 1949.]

BROADWAY-LOCUST COMPANY, INC. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and JOSEPH SMITH, Respondents.

Kearney, McCartney, Scott & Clopton for Petitioners.

Tipton & Weingand, Leonard, Hanna & Brophy, Burbank, Laumeister & McFarland, E. Herbert Herlihy, F. George Herlihy, Katherine Adams Stoll, Thomas E. Ryan and W. N. Mullen as Amici Curiae on behalf of Petitioners.

T. Groezinger for Respondents.

SHINN, P. J.—This is a proceeding to review an award made by the Industrial Accident Commission upon a claim of permanent disability, following an award for temporary disability. On August 7, 1942, Joseph Smith sustained an injury while in the employ of Broadway-Locust Company, Incorporated. On October 29, 1942, he filed an application for compensation with the Industrial Accident Commission; and on

December 18, 1942, the commission made findings of temporary total disability from August 7, 1942 to October 25, 1942, resulting from a hernia and phlebitis of the left leg. During that period applicant had received his full earnings. An award was made for medical treatment. On May 28, 1947, applicant filed a petition seeking a rating for permanent disability resulting from the same injury. On September 15, 1947, a hearing was had upon the petition. On October 27, 1948, the commission determined that the injury resulted in permanent disability of 19 per cent and awarded the applicant $1,786.76.

The petition for permanent disability rating was filed 250 weeks after the date of the injury. The question for decision is whether the jurisdiction of the commission to entertain a proceeding for additional benefits expired 245 weeks after the date of the accident. The following sections of the Labor Code are pertinent to our decision:

Section 5404: "Unless compensation is paid or an agreement for its payment made within the time limited in this chapter for the institution of proceedings for its collection, the right to institute such proceedings is barred. The timely filing of an application with the commission for any portion of the benefits prescribed by this division renders this chapter inoperative as to all further claims of any person for compensation arising from the same transaction, and the right to present such further claims is governed by sections 5803 to 5805, inclusive."

Section 5410: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within 245 weeks after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period. This section does not extend the limitation provided in section 5407."

Section 5803: "The commission has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the commission may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.

"Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated."

Section 5804: "No award of compensation shall be rescinded, altered, or amended after 245 weeks from the date of the injury."

■  Sections 5410 and 5803 read together cover the entire subject of the continuing jurisdiction of the commission to award compensation for a new disability resulting from the original injury or for an increase of the disability for which compensation has been awarded or paid voluntarily. Section 5410 relates to new and further disability resulting from the original injury; section 5803 relates to disability that has either recurred, increased, diminished or terminated. Any claim of disability for which benefits are sought in addition to those previously awarded or paid voluntarily would necessarily fall within one section or the other. The limitation of jurisdiction to 245 weeks is all inclusive. If the disability for which increased compensation is sought is a new and further disability the jurisdiction of the commission is extended, and is also limited, by section 5410 to proceedings instituted within 245 weeks from the date of the injury. If it is one that has recurred or increased the jurisdiction retained in the commission by section 5803 to rescind, alter or amend the former order, decision or award, is limited by section 5804 to the period of 245 weeks from the date of injury.

■  It has been held that where an award for temporary disability has been made or compensation voluntarily paid, permanent disability resulting from the injury is a new and further disability within the meaning of section 5410 and that the proceedings are governed by that section. (*Gobel* v. *Industrial Acc. Com.*, 1 Cal.2d 100 [33 P.2d 413]; *Furness Pac. Ltd.* v. *Industrial Acc. Com.*, 74 Cal.App.2d 324 [168 P.2d 761]; *Cowell L. & C. Co.* v. *Industrial Acc. Com.*, 211 Cal. 154 [294 P. 703, 72 A.L.R. 1118], and cases cited.)

■  The present proceeding is upon a claim of new and further disability arising out of the same injury. If it is prosecuted under section 5410, of which we have no doubt, it necessarily follows that the commission acted in excess of its jurisdiction in making an award upon a petition which was filed more than 245 weeks after the date of the injury. But

the commission now advances a novel theory, concurred in by a majority of its members, under which section 5410 would be inapplicable in the present case. It takes the position that where a prior award has been made, the code sections quoted above place no time limit upon its jurisdiction to make additional awards for new and further disability. The contention is founded upon an untenable construction of the applicable statutes and a disregard of controlling case law.

Chapter 2, division 4, part 4 (Lab. Code, §§ 5400-5410 incl.) sets up time limitations for proceedings for workmen's compensation benefits. Section 5404 provides: ''The timely filing of an application with the commission for any portion of the benefits prescribed by this division renders this chapter inoperative as to all further claims of any person for compensation arising from the same transaction, and the right to present such further claims is governed by sections 5803 to 5805, inclusive.'' The commission construes these provisions to mean that in all cases where a previous timely application has been filed, section 5410 is to be disregarded; and, consistently, construes section 5410 as being applicable only to cases in which compensation has previously been paid voluntarily and a claim is made for new and further disability. Accordingly, it maintains that by the express terms of section 5404, ''only the provisions of sections 5803 to 5805, inclusive, govern the employee's rights herein; the provisions of section 5410 may not be judicially ingrafted thereon.'' Upon these premises, the commission concludes that once a timely original application has been filed, its continuing jurisdiction to award further benefits arising from the same transaction, is unlimited as to time, provided the later award is a new one as distinguished from an alteration or a modification of the former award. Stated somewhat differently, its position is that the extension of its jurisdiction granted by section 5803 is not limited to ordering, altering or amending former awards but extends to all proceedings on claims of new and further disability where a former award has been made. Hence it is contended section 5804 does not apply to the award here, which is a new one, and not an alteration or amendment of an earlier award.

The argument is fallacious. It has been held that section 5410 is controlling in a proceeding upon a claim of permanent disability following an award for temporary disability. (*Gobel* v. *Industrial Acc. Com., supra*; *Furness Pac. Ltd.* v. *Indus-*

*trial Acc. Com., supra.*) Respondent says that in these cases the court overlooked or gave no consideration to section 5404. The statement is scarcely accurate. It is shown by the record in the Furness case, where the award for permanent disability followed one for temporary disability, that the employer contended the second award was merely an amendment of the first and that the 245 weeks' limitation of section 5804, incorporated in section 5404, applied. The commission, contrary to the position it now takes, there contended that section 5410 controlled. The court said: "In the instant proceeding the commission did not alter or amend its former award (Lab. Code, sec. 5804) but made a new award for a disability for which compensation had not been previously allowed. Section 5410 of the Labor Code is the applicable provision and section 5404 is not." An examination of the record in the Gobel case, and a reading of the court's opinion therein, likewise reveal that the effect of both sections 5404 and 5410 was argued to and carefully considered by the court.

The theory which the commission now advances has not been discussed in previous cases. It is clearly based upon a forced and false construction of the code sections. Both sections 5410 and 5803 extend the jurisdiction of the commission to 245 weeks in the different situations to which they relate. They purport, as we say, to cover all classes of claims to further benefits, whether the disability be determined to be a new one or the increase of an old one, and whether the award be classified as a new one, or the alteration or amendment of a previous award. There is nothing in the language of section 5410 which indicates that it relates only to awards made after the voluntary payment of compensation. That there may be a new and further disability following the making of an award, as well as one following the voluntary payment of compensation, is settled by the cases cited above. (See, also, *Pacific Indem. Co.* v. *Industrial Acc. Com.*, 85 Cal.App.2d 490 [193 P.2d 117]; *Hines* v. *Industrial Acc. Com.*, 215 Cal. 177, 190 [8 P.2d 1021].)

Furthermore, a comparison of sections 5404 and 5410 leads to a conclusion exactly contrary to the one contended for by the commission. Section 5410, and not 5404, is controlling as to the time limitations applicable to claims for new and further disability. The section so states, since it is expressly made paramount to the other sections of chapter 2, including section 5404. This conclusion is supported by the fact that section 5404 ties in with sections 5803 to 5805 which relate in terms

solely to the rescission, alteration or amendment of previous orders or decisions. Thus, the 245 weeks' period within which the commission must act under sections 5803 and 5804 is made applicable to all proceedings on claims for further benefits other than those for new and further disability, which are governed by section 5410.

The time limitations now found in sections 5410 and 5803-4 have been in effect since 1917 when the present Workmen's Compensation Law was adopted. It is conceded by all parties that for more than 30 years the law has been administered under a common understanding of the commission and the public that the powers of the commission expire 245 weeks after the injury except as to proceedings then pending based upon claims of new and further disability or claims which have been recognized as valid by the employer and have not been finally settled. Only recently the commission has questioned the scope of the time limitations upon its jurisdiction. It would seem that if, in all of these years, the present theory of the commission has occurred to any student of the act he did not think well enough of it to urge it upon a court. This long continued interpretation by the commission of its own powers has necessarily led industry to recognize and adjust itself to liabilities and responsibilities consistent with well understood limitations as to time. Experience furnishes the basis upon which the Insurance Commissioner fixes minimum rates for compensation insurance as required by section 11732 of the Insurance Code. It is important for this reason, and many others, that the overall cost of workmen's compensation insurance should be ascertainable with reasonable certainty in order that business operations may be adjusted accordingly and state agencies, including the administrators of the State Compensation Insurance Fund, may be enabled to operate with the greatest measure of efficiency and competency. Contingent liability unlimited as to time for which the commission now argues would result in great confusion. No employer or his insurance carrier would know what claims might emerge from cases long since settled and written off. Statistical data of the state agencies and the interested public based upon long experience would be of doubtful value for future use. It is a proper situation for application of the rule that in the interpretation of the powers of a public body, considerable weight should be given to the manner in which they have been interpreted and administered over a long period of time. (*Nelson* v. *Dean*, 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R.

467] ; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 56 Cal. App.2d 443, 448 [132 P.2d 890] ; *Colonial Mut. C. Ins. Co.* v. *Mitchell*, 140 Cal.App. 651, 657 [36 P.2d 127] ; 23 Cal.Jur. §§ 151-152, pp. 775-777.)

If the commission was permitted, without regard to time, to entertain and allow claims for new and further disability, once a proceeding had been instituted, and was compelled to reject applications offered after the expiration of 245 weeks in cases where compensation had been paid voluntarily, the result would be discriminatory both as to employers and employees. This would be wholly unjust and unreasonable. We are satisfied that the Legislature intended the law to operate uniformly as to employers and employees, and that with respect to the jurisdiction of the commission to make awards no class of claimants has been given rights not granted to others who are similarly situated.

■ A final answer to the commission's claim of continuing jurisdiction is that the theory relied upon defeats itself. Having denied that its continuing jurisdiction is derived from section 5410 respondent is obliged to seek for it in section 5803. But whatever powers to alter or amend an award are granted the commission by section 5803 are limited by section 5804 to a period of 245 weeks. In order to avoid this limitation, the commission says, correctly, that the award in question was not an alteration or amendment of the previous award. This being true however, it would follow that the claim of jurisdiction under section 5803 necessarily fails, for jurisdiction is continued only for the exercise of the powers granted, namely, to alter, amend or terminate a previous award and the limitation of time is clearly coextensive with such grant of power. The commission's argument overlooks the significant fact that in the original act (Stats. 1917, ch. 586), what is now section 5803 was contained in subdivision (d) of section 20, and the present section 5804 was a limiting proviso thereto. Their separation into separate code sections effected no change of meaning and they should be read not piecemeal, but as a single enactment. (Lab. Code, § 2.)

■ The commission suggests that Smith's petition for a permanent disability rating was merely a request for the determination of an issue impliedly presented by his application of October 30, 1942. Citing as authority *Douglas Aircraft Co.* v. *Industrial Acc. Com.*, 31 Cal.2d 853 [193 P.2d 468], the commission states, "[d]eferment of an issue presented to the Commission in a claim for compensation bene-

fits until a time subsequent to the expiration of 245 weeks from the date of injury is within the power of the Commission.'' This argument is unsound. The first award disposed of the pending issue, namely, the claim of temporary disability. No claim of permanent disability had been made, no evidence of permanent disability had been presented and no issue that had been tendered was left undetermined. The award did provide for the payment of disability benefits in the future during such time as the applicant might not be receiving full earnings. This cannot be construed as an attempt to defer decision of any pending claim, much less of an issue that was not even before the commission. In any view of the proceedings the claim that the commission, in some manner, reserved jurisdiction would be untenable. Jurisdiction is determined by the statute. Section 5410 clearly contemplates that the continuing jurisdiction of the commission to make awards for new and further disability shall be exercised only where at the time the 245 weeks' period expires there is pending and undetermined a proceeding previously instituted claiming new and further disability. At the time an original award is rendered, the commission obviously cannot by its mere *ipse dixit* extend that continuing jurisdiction to include proceedings instituted after the period limited by statute. In the Douglas case, the employee timely filed a petition pursuant to section 5410 for permanent disability. A subsequent award for permanent disability made after the expiration of the 245 weeks' period was upheld upon the authority of *Gobel* v. *Industrial Acc. Com., supra.* The only basis for the decision in the Douglas case, namely, the pendency of a proceeding under section 5410 when the time limitation expired is absent here.

The award is annulled.

Wood, J., and Vallée, J., concurred.