[S. F. No. 19492. In Bank. June 28, 1956.]

SADIE I. SUTTON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Delger Trowbridge for Petitioner.

Everett A. Corten, Daniel C. Murphy, Frank J. Filippi and Mullen & Filippi for Respondents.

CARTER, J.—On April 2, 1948, petitioner was injured in the course of her employment, and on March 14, 1952, the Industrial Accident Commission awarded her a permanent disability rating of 100 per cent. On April 1, 1953, the next to the last day of the five-year period after the injury, her employer's insurance carrier filed a petition with the commission to have the award amended to reduce the percentage of permanent disability. After proceedings were had the commission set aside its award and ordered that petitioner's permanent disability be reduced to 41½ per cent.

Petitioner seeks to have the last mentioned order annulled on the grounds that: (1) The commission was without jurisdiction to make the order after the five-year period under the workmen's compensation laws (Lab. Code, § 5804); (2) the 1949 amendment (Stats. 1949, ch. 677, § 2) to section 5804 which increased the period of time from 245 weeks to five years should not be retroactively applied to the instant proceedings; (3) the findings of the commission do not support the order sought to be annulled. In view of the result reached herein that the commission should not have made the order after the expiration of the five-year period and that the order must be annulled on the first of the grounds heretofore set forth, it is unnecessary to discuss the other contentions.

■ Section 5803 of the Labor Code provides generally that the commission has continuing jurisdiction over its awards and at any time upon notice and opportunity to be heard it may rescind, alter or amend such award, good cause appearing therefor. This power includes the right to diminish, increase or terminate, within the limits mentioned in the workmen's compensation laws, any compensation awarded on the ground that the disability of the person in whose favor the award was made has recurred, increased, diminished or terminated. That section is qualified, however, by section 5804 which reads: "No award of compensation shall be rescinded, altered, or amended after five years

from the date of the injury. Provided, however, that after an award has been made finding that there was employment and the time to petition for a rehearing or reconsideration or review has expired or such petition if made has been determined, the commission upon a petition to reopen shall not have the power to find that there was no employment." (See *Subsequent Injuries Fund* v. *Industrial Acc. Com.,* 39 Cal.2d 83 [244 P.2d 889].) There is another provision which should be considered in connection with section 5804. Section 5410 of the Labor Code provides: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period. This section does not extend the limitation provided in Section 5407." The "chapter" referred to is that dealing with "Limitations of Proceedings" commencing with section 5400.

The commission claims that inasmuch as the carrier's application to amend the award was filed with it within the five-year period, the commission could make the amendment after the five years had expired. It has been held in considering *section 5410, supra,* that an application by an employee for new and further disability, if filed within the five-year period, is timely and the commission may determine the question after the expiration of the period. (*Gobel* v. *Industrial Acc. Com.,* 1 Cal.2d 100 [33 P.2d 413]; *Furness Pacific, Ltd.* v. *Industrial Acc Com.,* 74 Cal.App.2d 324 [168 P.2d 761]; *Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Com.,* 211 Cal. 154 [294 P. 703, 72 A.L.R. 1118]; *Westvaco etc. Corp.* v. *Industrial Acc. Com.,* 136 Cal.App.2d 60 [288 P.2d 300]; *Pacific Indem. Co.* v. *Industrial Acc. Com.,* 85 Cal.App.2d 490 [193 P.2d 117]; see *Douglas Aircraft Co.* v. *Industrial Acc. Com.,* 31 Cal.2d 853 [193 P.2d 468].)

This holding is in accord with the express wording of section 5410, *supra.* That section provides that an "injured employee" may "institute," that is, commence proceedings for compensation within five years after the date of the injury on the ground that the original injury has caused new and further disability. There is no restriction on the time within which the commission may act, hence it may act on the proceedings commenced within the five years after the five years have elapsed. Section 5410 is in that

portion of the workmen's compensation laws dealing with "Limitations of Proceedings." (Lab. Code, div. 4, pt. 4, ch. 2.)

■ On the other hand, sections 5803 and 5804, *supra*, which are applicable in the instant case, are in the part of the code dealing with "Findings and Awards"* and there is nothing in section 5804 about the time within which proceedings to amend or rescind an award may be commenced. The restriction is a flat declaration that no award "shall" be rescinded or amended after five years from the date of injury. The different language in the two sections (5410 and 5804) indicates that a different rule was intended. When the Legislature intended that a proceeding was timely when commenced within the period, even though decided later, it so stated (Lab. Code, § 5410, *supra*). Its failure to so provide in section 5804 indicates that it did not intend the same result.† It is true that the foregoing interpretation of section 5804 means that five years' time is not given in which to apply for relief under section 5803, because obviously an application on a date such as the next to last day could not be decided until after the time limited, but section 5804 does not purport to allow five years in which application may be made for relief (as does § 5410). On the contrary, it provides that the commission may not amend or rescind its award after that time.

The distinction between the two sections was recognized in *Westvaco etc. Corp.* v. *Industrial Acc. Com., supra,* 136 Cal.App.2d 60, 63, where the court, after stating that the question was whether the proceeding was under section 5410 or 5803 and 5804, said: "The petition of April 9, 1953, was barred by the provisions of section 5410 expressly limiting the time within which a petition for new and further disability may be filed to five years after the injury. If the commission were attempting to exercise under section 5803 a continuing jurisdiction to amend or alter an order, the order amending would be void because of the limitation of such power expressed in section 5804. . . . The commission, within the five-year period, is authorized by section 5803 'to

---

*It (§ 5804) has been said to be a jurisdictional limitation. (*Douglas Aircraft Co.* v. *Industrial Acc. Com., supra,* 31 Cal.2d 853, 855.)

†Compare section 473 of the Code of Civil Procedure which provides that an application for relief from default must be made in six months and section 660 which provides that the court has no power to pass on a motion for a new trial after 60 days after notice of entry of judgment, etc.

review, grant or regrant, diminish, increase or terminate' and therefore could make a new order increasing or decreasing the percentage of permanent disability and the award therefor, and of course, if the commission, proceeding under section 5410, should find that there was new and further disability, it could then make an award therefor. This latter award could be made after the expiration of the five-year period, as the petition for it had been filed within that period.

"It is well settled that the commission has power to continue its jurisdiction to determine new and further disability beyond the five-year period, where application is made within that period. . . .

"If the true and exclusive meaning of section 5410 is that there can be no new and further disability application where there was a permanent disability award, then the employee here must be denied any increase in permanent disability over the percentage found in the first order, because the commission failed to amend that order within the five-year period and his present condition does not constitute 'new and further disability' within the meaning of that section. . . . During the five-year period the commission could under section 5803 amend or alter its previous order, or could act under section 5410. *After the five-year period, only section 5410 can be used, and then, only if a prior proceeding is filed under it.*" (Emphasis added.) (See also *Broadway-Locust Co.* v. *Industrial Acc. Com.*, 92 Cal.App.2d 287 [206 P.2d 856] ; *Furness Pacific, Ltd.* v. *Industrial Acc. Com.*, *supra*, 74 Cal.App.2d 324.) *Douglas Aircraft Co.* v. *Industrial Acc. Com.*, *supra*, 31 Cal.2d 853, while not entirely clear, merely follows *Gobel* v. *Industrial Acc. Com.*, *supra*, 1 Cal.2d 100 (decided under the earlier version of § 5410) which held that the commission could pass on an application for new and further disability after the specified period if the application was filed within it. *Larsen* v. *Industrial Acc. Com.*, 125 Cal.App. 13 [13 P.2d 850], is distinguishable but the language therein contrary to the foregoing interpretation is hereby disapproved.

In the instant case the proceeding could not have been taken under section 5410 because the employer's carrier filed the application. It was necessarily under sections 5803 and 5804. Section 5410 refers only to a proceeding by the "injured employee." By no device may that phrase be held to include an employer or his carrier.

■ The employer's insurance carrier claims that the foregoing interpretation of the sections discussed is contrary to that heretofore given to them by the commission. That is at least doubtful, but in any event, a former administrative construction contrary to the statutes cannot control. (*Groves* v. *City of Los Angeles*, 40 Cal.2d 751 [256 P.2d 309].)

■ The carrier urges that the foregoing construction is a denial of due process and equal protection of the law* because a different period of time is given to employees (§ 5410, *infra*) than to employers or their carriers (§ 5804, *supra*) in which an award may be altered. There are manifest differences between an injured employee and his employer and the latter's insurance carrier upon which the Legislature could base a reasonable classification. The whole theory of workmen's compensation laws recognizes such a distinction. The distinction has been made in statutes regulating attorney's fees which have been upheld. (See *Marczeski* v. *Pittsburgh Steel Ore Co.*, 154 Minn. 536 [191 N.W. 743]; *Marshall* v. *Foote*, 81 Cal.App. 98 [252 P. 1075]; *Ahmed's Case*, 278 Mass. 180 [179 N.E. 684, 79 A.L.R. 669]; *Norman's Case*, 278 Mass. 464 [180 N.E. 238, 82 A.L.R. 885].)

The award is annulled.

Gibson, C. J., Shenk, J., Schauer, J., Spence, J., and McComb, J., concurred.

The petition of respondent Guarantee Insurance Company for a rehearing was denied July 24, 1956.

---

*(U. S. Const., Fourteenth Amendment, § 1; see Cal. Const., art. VI, § 25, art. I, §§ 11, 21.)