[Civ. No. 24685.   Second Dist., Div. Two.   July 29, 1960.]

LOCKHEED AIRCRAFT CORPORATION (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and PAUL VACHO, Respondents.

Herlihy & Herlihy and Ray B. Cumming for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Rose, Klein & Marias and Jerome A. Berman for Respondents.

KINCAID, J. pro tem.*—Pacific Indemnity Company, a compensation carrier for the employer herein (Lockheed Aircraft Corporation), by writ of review, seeks the annulment of an award for permanent disability indemnity and for lifetime medical treatment made by the Industrial Accident

_____

*Assigned by Chairman of Judicial Council.

Commission more than five years after the date of the injury.

We previously ordered that writ of review issue on the ground that the carrier's petition therefor seemed to raise a substantial question as to the power and jurisdiction of the respondent commission to have made such award more than five years after the date of injury.

Upon review of the certified transcript of the proceedings of the commission filed pursuant to the writ of review and after hearing the oral arguments, we are now of opinion, for the reasons hereinafter stated, that the commission had jurisdiction to make the award and that the award should be affirmed.

On January 9, 1951, Paul Vacho sustained injury to his back arising out of and in the course of his employment. On February 14, 1951, he filed an application for compensation benefits with the Industrial Accident Commission. His application raised issue *inter alia* as to the ''Nature, extent and duration of disability.'' Upon the hearing on the application on April 3, 1951, the following issues were raised: (1) injury arising out of and occurring in the course of employment; (2) nature, extent and duration of disability; (3) need for medical treatment; (4) need for lifelong medical treatment.

On October 9, 1951, original findings were made and issued, as follows: (1) that the employee sustained injury to his back arising out of and occurring in the course of his employment; (2) that the injury caused no temporary disability to and including April 3, 1951; (3) that the employee may be in need of medical treatment in the future to cure or relieve from the effects of said injury, and is entitled to receive same at the expense of the employer and its carrier herein; (4) that the issue of need for lifetime medical treatment is premature, and there is insufficient evidence at the present time upon which to make a finding thereon. An award pursuant thereto was made in favor of the employee for medical treatment as outlined in above finding Number (3).

Thereafter from October 9, 1951, to April 28, 1959, the carrier's physician observed and treated the employee for a herniated disc resulting from the accident. This physician recommended home therapy and the wearing of a back support and he was of belief and led the employee to believe that he would recover entirely without surgery and would suffer no permanent disability.

Following an examination of the employee on January 31,

1959, by another doctor consulted by the employee and report by said doctor of permanent low-back disability caused by the accident, the employee's attorneys on April 17, 1959 (i.e., more than five years after the date of the injury) sent letter to the commission requesting that the ''matter be restored to the calendar for hearing on the issue of nature, duration and extent of disability and others.''

Thereafter on July 6, 1959, a further hearing was held at which time the following issues, among others, were raised: nature and extent of permanent disability; need for lifetime medical treatment; jurisdiction of the commission; and statute of limitations.

On January 12, 1960, the commission made findings *inter alia* that the employee was entitled to lifetime medical treatment; that the injury sustained by him on January 9, 1951, caused permanent disability, equal to 56 per cent, equivalent to 224 weeks at $30 a week, in the sum of $6,720; that the employee's claim was not barred by the statute of limitations; that the commission had jurisdiction on previously undetermined issues of disability, and that the original findings and award only determined that there was no temporary disability to and including April 3, 1951, leaving all other disability still undetermined. Thereupon an award was made in favor of the employee in the sum of $6,720 as permanent disability indemnity, and for such further lifetime medical treatment as may reasonably be required to relieve from the effects of said injury. The carrier's petition for reconsideration was denied. Annulment of said award of January 12, 1960, is now sought by the carrier.

Labor Code, section 5803, provides in essence that the commission has continuing jurisdiction over its awards; and section 5804 of said code provides that no award of compensation shall be rescinded, altered, or amended after five years from the date of the injury.[1]

It is settled that the jurisdiction of the commission to

[1]Labor Code, section 5410, provides in substance that the right of an injured employee to institute proceedings for the collection of compensation upon the ground that the original injury has caused new and further disability shall not be barred if instituted within five years after the date of the injury. Further, Labor Code, section 5405, provides generally that the period within which proceedings for the collection of benefits for medical and hospital treatment and for disability payments may be commenced is one year from: (a) the date of injury, or (b) the expiration of any period covered under provisions for disability payments, or (c) the date of the last furnishing of any medical and hospital treatment benefits.

rescind, alter or amend an award under Labor Code, sections 5803 and 5804, is not affected or destroyed, provided such award is rescinded, amended or altered within five years from the date of injury (*Sutton* v. *Industrial Acc. Com.*, 46 Cal.2d 791, 795-797 [298 P.2d 857]); and the commission's jurisdiction to make an award for new and further disability under Labor Code, section 5410, is not impaired, provided application thereof has been filed with the commission within five years from the date of injury. (*Gobel* v. *Industrial Acc. Com.*, 1 Cal.2d 100 [33 P.2d 413]; *Westvaco etc. Corp.* v. *Industrial Acc. Com.*, 136 Cal.App.2d 60 [288 P.2d 300].) We are not confronted herein, however, with either an attempt or proceeding to rescind, alter or amend any award under section 5803, or with an attempt or proceeding to collect compensation for new and further disability under section 5410. On the contrary, we are simply confronted with the question of whether the commission can make a first award more than five years after the date of injury where application therefor has been timely filed and where the commission has failed to find on a tendered issue. (*Douglas Aircraft Co.* v. *Industrial Acc. Com.*, 31 Cal.2d 853, 855-856 [193 P.2d 468]; see also *Sprague* v. *Industrial Acc. Com.*, 46 Cal.2d 414, 417 [296 P.2d 548].)

■ *Douglas Aircraft Co.* v. *Industrial Acc. Com., supra,* further makes it clear that, where the commission fails to find on an issue raised as to permanent disability, said issue remains open and undetermined; and that under such circumstances, the subsequent award, even though made more than five years after the date of the injury, constitutes the first decision of the commission upon such issue and is, therefore, jurisdictionally justified by the rule of the Gobel case.

The original application for compensation benefits herein stated that question had arisen as to the "nature, extent and duration of disability"; and it would be unwarranted and contrary to the spirit of the workmen's compensation laws to hold that such allegation did not raise issue as to permanent disability. Further and as previously pointed out, the issues raised upon the hearing on the original application included, among others, the nature, extent and duration of disability, and the need for lifetime medical treatment.

It was expressly recited in the original findings made on October 9, 1951, with respect to the employee's application that the issue of need for lifetime medical treatment was

premature and that no finding was being made thereon. While it is true that said original findings did not contain any express recital that the issue of permanent disability was similarly premature and that no finding was being made thereon, such a finding was clearly implied from the nature and context of the findings made by the commission on October 9, 1951.

In any event, the sole finding with respect to the employee's disability made originally on October 9, 1951, was that said injury had caused no temporary disability to and including April 3, 1951; and there was clearly no finding on the issue of permanent disability or even on the issue of temporary disability subsequent to April 3, 1951.

The commission in its original findings having failed to find on the issue of permanent disability, said issue was left open and undetermined. (*Douglas Aircraft Co.* v. *Industrial Acc. Com., supra,* 31 Cal.2d 853, 855-856.) Such being the case the commission had jurisdiction to make findings and award relative to the employee's permanent disability and need for lifetime medical treatment more than five years after the date of the injury.

We cannot agree with petitioner's contention that the within matter is akin to and controlled by *Broadway-Locust Co.* v. *Industrial Acc. Com.,* 92 Cal.App.2d 287 [206 P.2d 856]. The factual context of the matter at bar is materially different from the factual context involved in *Broadway-Locust Co.* v. *Industrial Acc. Com., supra;* and, while we do not question that the latter was correctly decided in the light of the facts thereof, said case is not pertinent nor controlling herein.

Briefly, an award for temporary disability was originally made in *Broadway-Locust;* and, more than 245 weeks thereafter, the employee filed petition seeking a rating for permanent disability. More important, *Broadway-Locust* was expressly predicated on the grounds that the first award therein disposed of the pending issue (i.e., claim of temporary disability); that no claim of permanent disability had been made, no evidence of permanent disability had been presented, and no issue that had been tendered was left undetermined. (*Broadway-Locust Co.* v. *Industrial Acc. Com., supra,* 92 Cal.App.2d 287, 295.)

In the light of the record before us herein, it cannot be said that, in the matter at bar, the first award of October 9, 1951, disposed of the pending issues; that no claim of permanent disability or for lifetime medical treatment had been made; and

that no issue that had been tendered was left undetermined. The record herein shows, on the contrary, that the first award of October 9, 1951, did not dispose of the pending issues; that claims and issues of permanent disability and for lifetime medical treatment had been fairly raised and made in the employee's original application and at the original hearing of the matter.

Finally and in any event, the case at bar is akin to and controlled by the Supreme Court's decision in *Douglas Aircraft Co.* v. *Industrial Acc. Com., supra,* 31 Cal.2d 851 (see also *City of Pasadena* v. *I.A.C.,* 3 Cal.Comp. Cases 29, petition for writ denied), and by the principles enunciated in *Gobel* v. *Industrial Acc. Com.,* 1 Cal.2d 100 [33 P.2d 413].

The award is accordingly affirmed.

Fox, P. J., and Ashburn, J., concurred.

The application of petitioner Pacific Indemnity Company for a hearing by the Supreme Court was denied September 20, 1960.