[No. A056365. First Dist., Div. Three. Jan. 11, 1993.]

RUSSELL HARTSUIKER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, HARTSUIKER &
CO. et al., Respondents.

**COUNSEL**

Leon R. Reich for Petitioner.

Krimen, Hershenson, Klein, Da Silva & Daneri, Don E. Clark and Thomas J. McBirnie for Respondents.

## Opinion

## MERRILL, Acting P. J.—

### Introduction

Petitioner, Russell Hartsuiker, seeks review of an opinion and order of respondent Workers' Compensation Appeals Board (WCAB or Board) denying reconsideration of a decision of the workers' compensation judge (WCJ) declining to reserve jurisdiction to award further temporary total disability indemnity in the event of hospitalization or surgery occurring more than five years after the date of petitioner's occupational injury.

In *Nickelsberg* v. *Workers' Comp. Appeals Bd.* (1991) 54 Cal.3d 288 [285 Cal.Rptr. 86 [814 P.2d 1328] (*Nickelsberg*), the Supreme Court held that in the absence of a reservation of jurisdiction the WCAB has no authority to award temporary total disability indemnity more than five years after the date of injury. The *Nickelsberg* court expressly noted that it had "no occasion . . . to determine whether the WCAB does have authority to reserve jurisdiction to award temporary total disability indemnity more than five years after the date of the original injury." (*Nickelsberg, supra,* 54 Cal.3d 288, 299, fn. 8.)[1]

We issued a writ of review and placed the matter on calendar. We now conclude that the WCAB does not have authority to reserve jurisdiction to make such an award more than five years after the date of injury.

### Factual and Procedural Background

Petitioner filed an application alleging that he sustained injuries to his back and both lower extremities on approximately November 24, 1986, while employed as a foreman/painter/carpenter by respondent Hartsuiker & Co., insured for workers' compensation purposes by respondent State Compensation Insurance Fund (State Fund). The parties submitted a stipulation with request for award which was approved on October 25, 1991, providing that the injuries had caused permanent disability of 64 percent and that there was a need for further medical treatment for petitioner's back.

The WCJ entered findings and an order on October 30, 1991, stating that the parties in their stipulation had requested "a ruling as to whether or not

---

[1]Labor Code sections 5410 and 5804 contain limitation periods of five years from the date of injury for instituting proceedings to collect compensation on the ground of new and further disability and for rescinding, altering or amending an award of compensation, respectively.

All further statutory references are to the Labor Code.

the Board has the power to reserve jurisdiction over the issue of temporary disability which may be paid in conjunction with possible surgery which may take place more than five years after the date of injury."[2] The WCJ ruled: "If this file is in a closed status as of November 24, 1991, the Appeals Board will have no jurisdiction to award temporary disability in conjunction with possible surgery which may take place thereafter." The accompanying opinion on decision stated in pertinent part: "In light of the *Nickelsberg* decision, the Board has no jurisdiction to award additional medical temporary disability in a closed case once five years has passed from the original date of injury."

On December 15, 1991, the WCAB issued its opinion and order denying a petition for reconsideration. It provided in pertinent part: "The California Supreme Court has held, despite the limitations contained in Labor Code sections 5804 and 5410, that the [WCAB] has authority in cases of insidious progressive diseases to make a tentative permanent disability rating and to reserve jurisdiction over the final rating after the condition stabilizes or the disability reaches 100% permanent disability. [*General Foundry Service* v. *Workers' Comp. Appeals Bd.* (1986) 42 Cal.3d 331 [228 Cal.Rptr. 243, 721 P.2d 124].] However, the doctrine of tentative rating and reservation of jurisdiction does not apply to other than insidious progressive diseases. [*Ruffin* v. *Olson Glass Co.* (in bank 1987) 52 Cal.Comp.Cases 335; see also *Nickelsberg* v. *Workers' Comp. Appeals Bd.* (1991) 54 Cal.3d 288, 300, fn. 9 [285 Cal.Rptr. 86, 814 P.2d 1328].] [¶] In [*Ruffin*], *supra*, the Board found, in pertinent part, that a chronic lumbosacral sprain and a degenerative knee condition were not insidious progressive diseases within the meaning of the [*General Foundry*] doctrine and, therefore, the WCAB had no authority to make a contingent indefinite award of temporary disability indemnity in conjunction with an award of further medical treatment beyond the five-year limitation contained in Labor Code sections 5410 and 5804. [¶] In the present case, the applicant sustained a specific injury to the back on November 24, 1986, and his claim does not involve an insidious progressive occupational disease with remote and undramatic causes and long latency periods such as asbestosis or asbestos-related cancer. Therefore, the [*General Foundry*] doctrine is not applicable here and Labor Code sections 5804

---

[2] Petitioner asserts without contradiction under the heading "Facts" that the medical reports of Dr. Michael Kurtz, Dr. Michael Greenwald and Dr. David Scheetz conclude that future surgery may be indicated, and there are no reports to the contrary. The answer of State Fund states: "Petitioner's description of the facts, detailed at pages nine and ten of his Petition for Writ of Review, is essentially correct, and to which respondent can add nothing further." The WCAB's answer states in pertinent part: "On April 17, 1989, Dr. Scheetz reported that he had discussed with petitioner the possibility that surgery might be warranted if petitioner felt he was unable to continue to obtain relief by a conservative approach. [¶] On October 3, 1989, Dr. Greenwald reported that petitioner might benefit from surgery. [¶] On March 7, 1990, Dr. Kurtz reported that 'surgical intervention may be required.' "

and 5410 deprive the WCAB of jurisdiction to award further compensation of either permanent disability or temporary disability more than five years after the date of injury, or after November 24, 1991. Accordingly, we are persuaded that the WCJ did not err in refusing to reserve jurisdiction to award additional temporary disability in the future if applicant incurs further temporary disability as a result of possible surgical intervention."

DISCUSSION

Petitioner's sole contention is that "the Board is required to retain jurisdiction over future temporary disability where the record establishes the potential need for future surgery." He asserts that the WCAB misinterpreted *Nickelsberg, supra,* 54 Cal.3d 288 and section 5804 to preclude the ability to retain jurisdiction over temporary disability in the circumstances of this case. He argues that a 1978 amendment to section 4656, which removed a 240-week limitation on temporary total disability, provides the authority for such a reservation of jurisdiction.

Respondents assert that the WCAB lacks authority to reserve jurisdiction to award temporary disability more than five years after the date of injury and, alternatively, that even if it had such authority, it would be improper for it to reserve such jurisdiction. They rely upon the Supreme Court's statutory interpretation in *Nickelsberg, supra,* 54 Cal.3d 288, and the WCAB's in bank decision in *Ruffin* v. *Olson Glass Co.* (1987) 52 Cal.Comp.Cases 335 (*Ruffin*).

A review of the provisions of sections 5410, 5804 and 4656, the Supreme Court's decision in *General Foundry Service* v. *Workers' Comp. Appeals Bd.* (1986) 42 Cal.3d 331 [228 Cal.Rptr. 243, 721 P.2d 124] (*General Foundry*), the WCAB's decision in *Ruffin*, and the Supreme Court's decision in *Nickelsberg* is necessary for an understanding of the issues presented.

Section 5410 provides in pertinent part: "Nothing in this chapter shall bar the right of any injured worker to institute proceedings for the collection of compensation . . . within five years after the date of the injury upon the ground that the original injury has caused new and further disability . . . ." Section 5804 provides in pertinent part: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years . . . ."

Former section 4656 provided that "[a]ggregate disability payments for a single injury [ ] causing temporary disability shall not extend for more than

240 compensable weeks within a period of five years from the date of the injury." Section 4656 was amended in 1978. (Sen. Bill No. 1851 (1977-1978 Reg. Sess.) Stats. 1978, ch. 937, § 1, p. 2913.) The 1978 amendment removed the 240-week limitation on aggregate temporary *total* disability indemnity within a 5-year postinjury period for injuries occurring on or after January 1, 1979. The statute now provides that "[a]ggregate disability payments for a single injury occurring prior to January 1, 1979, causing *temporary disability* shall not extend for more than 240 compensable weeks within a period of five years from the date of injury. [¶] Aggregate disability payments for a single injury occurring on or after January 1, 1979, causing *temporary partial disability* shall not extend for more than 240 compensable weeks within a period of five years from the date of the injury." (§ 4656, italics added.)

In *General Foundry, supra,* 42 Cal.3d 331, a unanimous Supreme Court held that the WCAB may tentatively rate the permanent disability of an employee with a progressive disease (in that case asbestosis) and order advances based on that tentative rating. It may then reserve jurisdiction to make a final determination of permanent disability when the employee's condition is permanent and stationary, or when the employee's permanent disability is total and further deterioration would be irrelevant for rating purposes. The court stated that "[t]he Board clearly has the power to continue its jurisdiction beyond the five-year period [of sections 5410 and 5804] when an application is made within that period. (*Gobel* v. *Industrial Acc. Com.* (1934) 1 Cal.2d 100, 103-104 . . . .)" (*General Foundry, supra,* 42 Cal.3d 331, 337.) The *General Foundry* court then concluded that "the Board's reservation of jurisdiction on the issue of permanent disability in the case of insidious, progressive diseases serves to further the compensatory goals of the workers' compensation system." (*Id.,* at p. 338.)

The year after *General Foundry* was decided, the WCAB considered in *Ruffin* the question whether it should reserve jurisdiction to award further temporary and permanent disability compensation in the event of additional disability occurring more than five years after the date of injury. The applicant in *Ruffin* had suffered a knee injury and the applicant in the companion case of *Green* v. *General Telephone of California* (1987) 52 Cal.Comp.Cases 335 (*Green*) had sustained a back injury. There were medical opinions that Ruffin would require a total knee arthroplasty in the future and that Green had a substantial risk of further back trouble that might require surgery in the next 10 or 15 years. The majority of the WCAB in a five-to-two decision held that it did not have the authority to reserve jurisdiction to award either permanent or temporary disability.

The WCAB first held that these injuries were not progressive diseases within the meaning of *General Foundry*, and that if jurisdiction were reserved to award further permanent disability in the circumstances of these cases, "the limitations of Sections 5804 and 5410 would cease to have any effect." (*Ruffin, supra,* 52 Cal.Comp.Cases 335, 342.)

The WCAB continued: "Ruffin also contends that jurisdiction should be reserved in his case to award further temporary disability indemnity. . . . [E]ven were we to assume that the [*General Foundry*] doctrine permits reservation of jurisdiction to award compensation for additional temporary disability as well as increased permanent disability, Ruffin would not be aided because, as we have explained, the [*General Foundry*] doctrine is not applicable to his injury. Where, as here, the [*General Foundry*] doctrine is not applicable, Labor Code Sections 5804 and 5410 deprive the WCAB of jurisdiction to award additional compensation for either temporary or permanent disability more than five years after the date of injury. No matter how strong is the evidence that Ruffin will someday require additional surgery for his industrially injured knee, and even assuming that such surgery would necessitate some temporary disability, we simply have no power to reserve jurisdiction to award additional temporary disability compensation more than five years after Ruffin's injury." (*Ruffin, supra,* 52 Cal.Comp.Cases 335, 342-343.)

The WCAB in *Ruffin* also ruled with respect to section 4656: "Ruffin further argues, and the dissenting opinion concludes, that Labor Code section 4656 provides authority for awarding further temporary disability indemnity in conjunction with surgery for which the defendants are liable under an award of further medical treatment. . . . [W]e are not persuaded that the Legislature intended by its 1978 amendment to Labor Code Section 4656 deleting the 240-week limitation on aggregate indemnity payments for injuries occurring after January 1, 1979, to permit an award of temporary disability, if any, [where] the rate of indemnity cannot be ascertained and the award enforced until some future time, and only upon the happening of some contingency, such as surgery. Such an award, in our view, would be nothing more than a subterfuge to avoid the limitation of jurisdiction contained in Labor Code Sections 5410 and 5804. Thus, we find no merit in Ruffin's argument that the WCAB has the power to either reserve jurisdiction to award further temporary disability at some future time or to make now a

contingent and indefinite award of temporary disability indemnity." (*Ruffin, supra*, 52 Cal.Comp.Cases 335, 343.)[3]

In *Nickelsberg, supra*, 54 Cal.3d 288, the applicant, Nickelsberg, injured his back and legs in 1976 and 1979. The parties stipulated that he had permanent disability of 66¾ percent and might need further medical treatment. Pursuant to the stipulation, an award providing for temporary and permanent disability and further medical treatment was entered in February 1983. The WCAB did not reserve jurisdiction to award further temporary total disability. Nickelsberg underwent back surgery in 1987 and was temporarily totally disabled. In February 1988, more than nine years from the date of his 1979 injury, he sought to recover further temporary disability indemnity pursuant to his existing award under section 4656. The employer contended that such an award was barred by sections 5804 and 5410. The WCAB concluded that it lacked jurisdiction to award further temporary total disability. (54 Cal.3d at pp. 291-292.) The Court of Appeal and the Supreme Court affirmed. (*Id.*, at pp. 292, 302.)

Justice Panelli stated in *Nickelsberg*: "Relying on the current version of section 4656, Nickelsberg argues that the workers' compensation judge had jurisdiction to award further temporary *total* disability indemnity more than five years after the original injury. Nickelsberg assumes that an initial award of 'future medical treatment' must reasonably be interpreted to include, as a 'secondary consequence,' an award of future temporary total disability indemnity resulting from such treatment and that section 4656, as amended, removes all limits on awards for temporary total disability. . . . Such a broad interpretation of the amendment would abrogate the time and jurisdictional limitations of sections 5410 and 5804." (*Nickelsberg, supra*, 54 Cal.3d 288, 293-294.)

The Supreme Court in *Nickelsberg* reviewed the legislative history of the 1978 amendment to section 4656. "[T]he Department of Industrial Relations in its enrolled bill report stated that '[p]resent law provides that payment of temporary disability indemnity shall not be paid for more than 240 weeks within a period of 5 years from the date of injury. In most instances, temporary disability is concluded long before this point is reached. There are however cases which create a hardship situation where an industrial injury results in the need for surgery more than 5 years after the date of injury. Due to the arbitrary time limit, the employee is then only entitled to receive

---

[3]Petition for writs of review were denied in *Ruffin* and *Green*. (*Ruffin* v. *Workers' Comp. Appeals Bd.* (1988) 53 Cal.Comp.Cases 92; *Green* v. *Workers' Comp. Appeals Bd.* (1988) 53 Cal.Comp.Cases 88.)

medical benefits and is precluded from receiving temporary disability indemnity resulting from the hospitalization and surgery. Although occurring rarely, these situations create an obvious hardship that is difficult to defend.' [Citation.]" (*Nickelsberg, supra,* 54 Cal.3d 288, 295.)

"Nickelsberg also highlights a somewhat different interpretation of the amendment of section 4656 contained in an Assembly Ways and Means Committee staff analysis of Senate Bill No. 1851. The analysis states that the intent of the bill was 'to provide disability benefits for temporary totally disabled persons beyond the existing 240 week limit. Proponents contend that often surgery or other treatment is required years after an injury to remove sergically [*sic*] implanted devices (plates, pins, etc.).' [Citation.]" (*Nickelsberg, supra,* 54 Cal.3d 288, 295.)

"However, other portions of the legislative history contradict Nickelsberg's interpretation of Senate Bill No. 1851. For example, an Assembly Finance, Insurance, and Commerce Committee analysis of the bill states that the removal of the limitation on temporary total disability indemnity 'would provide for the payment of the workers' compensation temporary total disability benefits *for as long as the temporary total disability continues.*' [Citation.] [¶] This analysis of the bill indicates that, in amending section 4656, the Legislature intended to remove the cap of 240 weeks in a 5-year period for the payment of temporary total disability and to allow an applicant who is *continuously* temporarily totally disabled to continue to receive benefits without an arbitrary cutoff date." (*Nickelsberg, supra,* 54 Cal.3d 288, 295.) The court cited one additional consultant's report stating that benefits should "*continue as long as the temporary disability continues,*" and also observed that the Department of Finance had estimated that the amendment would affect "very few cases." (54 Cal.3d at pp. 295-296.)

". . . Nickelsberg's interpretation of Senate Bill No. 1851 would require us to conclude that the bill somehow amended or altered the time and jurisdictional limits of sections 5410 or 5804 to allow resumption of temporary total disability indemnity whenever an award of future medical benefits results in a period of further temporary total disability. We do not believe that the Legislature intended such a broad result. Nickelsberg's argument is contrary to both clear statutory construction and well-established judicial interpretation of sections 5410 and 5804. Moreover, it controverts the entire statutory scheme of workers' compensation judicial administration, which provides for time and jurisdictional limitations upon the commencement of proceedings and modifications of prior determinations." (*Nickelsberg, supra,* 54 Cal.3d 288, 297.) The Supreme Court determined that the liberal construction mandate of section 3202 should not be used to defeat the overall

statutory framework and fundamental rules of statutory construction, and "the workers' compensation judge lacked jurisdiction to award temporary total disability to Nickelsberg." (54 Cal.3d at pp. 298, 302.)[4]

In a footnote, the *Nickelsberg* court observed: "Based on section 4656, as amended, and our decision in [*General Foundry*], the Court of Appeal in this case indicated that it might be proper for the WCAB to reserve jurisdiction to award temporary total disability indemnity related to hospitalization or surgery occurring more than five years after the date of injury. [¶] We note [*General Foundry*] was not decided until approximately four years after Nickelsberg received his initial award. Also, as observed by the Court of Appeal, the WCAB did not reserve jurisdiction to award Nickelsberg further temporary total disability. Consequently, we have no occasion in the present case to determine whether the WCAB does have authority to reserve jurisdiction to award temporary total disability indemnity more than five years after the date of the original injury." (*Nickelsberg, supra,* 54 Cal.3d 288, 299, fn. 8.) The court thus expressly left open the question now presented to this court.

The WCAB determined in this case that it lacked authority to reserve jurisdiction to award temporary total disability more than five years after the date of injury. ■ As the *Nickelsberg* court observed: "[T]he WCAB's own determination that the workers' compensation judge lacked jurisdiction under section 4656, as amended, to award further temporary total disability is entitled to significant respect on judicial review. . . . The WCAB's interpretation of its jurisdictional authority to grant new and further temporary disability . . . is not only persuasive on this issue, its interpretation and application of these three statutes is entitled to significant respect upon judicial review.[5] (See *Nipper* v. *California Auto. Assigned Risk Plan* (1977) 19 Cal.3d 35, 45 . . . ['We have generally accorded respect to administrative interpretations of a law and, unless clearly erroneous, have deemed them significant factors in ascertaining statutory meaning and purpose. [Citations.]']; *Mudd* v. *McColgan* (1947) 30 Cal.2d 463, 470. . . .)" (*Nickelsberg, supra,* 54 Cal.3d 288, 299-300.)

---

[4]Section 3202 states: "This division [of the Labor Code] and Division 5 (commencing with Section 6300) shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment."

[5]In a footnote at this point the court stated: "See also, *Ruffin* v. *Olson Glass Co.* (1987) 52 Cal.Comp.Cases 335, 343 where the WCAB rejected the argument that the amendment to section 4656 permits an award of temporary total disability indemnity 'upon the happening of some contingency, such as surgery.' According to the WCAB in *Ruffin*, '[s]uch an award . . . would be nothing more than a subterfuge to avoid the limitation of jurisdiction contained in Labor Code Sections 5410 and 5804.' (*Ibid.*)" (*Nickelsberg, supra,* 54 Cal.3d 288, 300, fn. 9.)

The WCAB's interpretation in this case does not appear to be clearly erroneous and does appear to be commensurate with the views expressed by the Supreme Court in *Nickelsberg*. Although as the court stated in *General Foundry, supra,* 42 Cal.3d 331, 337, "[t]he Board clearly has the power to continue its jurisdiction beyond the five-year period when an application is made within that period [citation]," the interpretation of section 4656 in *Nickelsberg* would appear to limit that power. Since the amendment to section 4656 has been interpreted to allow temporary total disability payments to extend beyond five years from the date of injury only when the period of such disability commences in the five-year period and is continuous, the WCAB would have no authority to reserve jurisdiction to award such payments after expiration of the five-year period. Additionally, the WCAB's view in *Ruffin* that an award contingent upon a future event, such as surgery, would be a subterfuge to avoid the jurisdictional limitations of sections 5410 and 5804 is logical.

The *Nickelsberg* court set forth policy considerations supporting its decision: "[S]ound public policy supports the conclusion that the amendment to section 4656 does not serve to abrogate the time and jurisdictional limits of sections 5410 and 5804. Those sections do not express a mere concern for barring stale claims. The statutes express legislative concern for certainty and finality in the determination of compensation benefit obligations. The WCAB's own interpretation of its limited power to award temporary total disability more than five years after an original injury recognizes this need for certainty and finality. As was stated in *Broadway-Locust Co.* v. *Ind. Acc. Com., supra,* 92 Cal.App.2d at page 293 [206 P.2d 856]: 'This long continued interpretation by the commission of its own powers has necessarily led industry to recognize and adjust itself to liabilities and responsibilities consistent with well understood limitations as to time. . . . It is important . . . that the overall cost of [workers'] compensation insurance should be ascertainable with reasonable certainty in order that business operations may be adjusted accordingly and state agencies . . . may be enabled to operate with the greatest measure of efficiency and competency. Contingent liability unlimited as to time for which the commission now argues would result in great confusion. No employer or his insurance carrier would know what claims might emerge from cases long since settled and written off.' " (*Nickelsberg, supra,* 54 Cal.3d 288, 299, fn. omitted.)

The policy considerations set forth in *Nickelsberg* apply equally here. We recognize the competing policy that workers should be compensated when they are required to forego work in order to obtain necessary treatment for their industrial injuries. The present statutory scheme, however, does not

permit the reservation of jurisdiction to award temporary total disability in connection with future treatment occurring more than five years after the date of injury. Any change to accommodate this competing interest should be fashioned by the Legislature after receiving input from all interested parties.

## DISPOSITION

The decision of the WCAB is affirmed.

Chin, J., and Werdegar, J., concurred.

Petitioner's application for review by the Supreme Court was denied March 25, 1993. Mosk, J., and Kennard, J., were of the opinion that the application should be granted.